# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| STAGE STORES, INC., *et al.*,[1] | ) ) ) | Case No. 20-32564 (DRJ) |
| Debtors. | ) ) | (Joint Administration Requested) (Emergency Hearing Requested) |

## DEBTORS' EMERGENCY MOTION
## FOR ENTRY OF AN ORDER EXTENDING TIME TO FILE
## SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF CURRENT
## INCOME AND EXPENDITURES, SCHEDULES OF EXECUTORY CONTRACTS
## AND UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS

> **EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON MAY 11, 2020, AT 3:00 P.M. (CENTRAL TIME) IN COURTROOM 404, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NOT LATER THAN MAY 11, 2020.**
>
> **PLEASE NOTE THAT ON MARCH 24, 2020, THROUGH THE ENTRY OF GENERAL ORDER 2020-10, THE COURT INVOKED THE PROTOCOL FOR EMERGENCY PUBLIC HEALTH OR SAFETY CONDITIONS.**
>
> **IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR TELEPHONICALLY AND ALSO MAY APPEAR VIA VIDEO AT THIS HEARING.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S REGULAR DIAL-IN NUMBER. THE DIAL-IN NUMBER IS +1(832)-917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. YOU WILL BE ASKED TO KEY IN THE CONFERENCE ROOM NUMBER. JUDGE JONES'S CONFERENCE ROOM NUMBER IS 205691.**
>
> **PARTIES MAY PARTICIPATE IN ELECTRONIC HEARINGS BY USE OF AN INTERNET CONNECTION. THE INTERNET SITE IS WWW.JOIN.ME. PERSONS CONNECTING BY MOBILE DEVICE WILL NEED TO DOWNLOAD THE FREE JOIN.ME APPLICATION.**
>
> **ONCE CONNECTED TO WWW.JOIN.ME, A PARTICIPANT MUST SELECT "JOIN A MEETING". THE CODE FOR JOINING THIS HEARING BEFORE JUDGE JONES IS "JUDGE JONES". THE NEXT SCREEN WILL HAVE A PLACE FOR THE PARTICIPANT'S NAME IN THE LOWER LEFT CORNER. PLEASE COMPLETE THE NAME AND CLICK "NOTIFY". HEARING APPEARANCES SHOULD BE MADE ELECTRONICALLY AND IN ADVANCE OF THE HEARING. YOU MAY MAKE YOUR ELECTRONIC APPEARANCE BY:**
>
> **1) GOING TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE;**
> **2) SELECTING "BANKRUPTCY COURT" FROM THE TOP MENU;**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Stage Stores, Inc. (6900) and Specialty Retailers, Inc. (1900). The Debtors' service address is: 2425 West Loop South, Houston, Texas 77027.

> **3) SELECTING JUDGES' PROCEDURES AND SCHEDULES;**
> **4) SELECTING "VIEW HOME PAGE" FOR JUDGE DAVID R. JONES;**
> **5) UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE;"**
> **6) SELECT IN RE STAGE STORES, INC.,** *ET AL.* **FROM THE LIST OF ELECTRONIC APPEARANCE LINKS; AND**
> **7) AFTER SELECTING IN RE STAGE STORES, INC.,** *ET AL.* **FROM THE LIST, COMPLETE THE REQUIRED FIELDS AND HIT THE "SUBMIT" BUTTON AT THE BOTTOM OF THE PAGE.**
> **SUBMITTING YOUR APPEARANCE ELECTRONICALLY IN ADVANCE OF THE HEARING WILL NEGATE THE NEED TO MAKE AN APPEARANCE ON THE RECORD AT THE HEARING.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (this "Motion"):[2]

## Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto, extending the deadline by which the Debtors must file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") by forty-five days, for a total of fifty-nine days from the Petition Date (as defined herein), through and including July 8, 2020, without prejudice to the Debtors' ability to request additional extensions.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

---

[2] The facts and circumstances supporting this Motion are set forth in the *Declaration of Elaine D. Crowley, Chief Restructuring Officer of Stage Stores Inc., in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this Motion and incorporated by reference herein.

2

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 1007(c) and 9006(b), and rules 1075-1 and 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules").

## Background

5. The Debtors are apparel, accessories, cosmetics, footwear, and home goods retailers that operate department stores under the Bealls, Goody's, Palais Royal, Peebles, and Stage brands and off-price stores under the Gordmans brand. The Debtors employ approximately 14,694 employees, who operate approximately 700 stores across forty-two states. The Debtors' department stores predominately serve small towns and rural communities, and the Debtors' off-price stores are mostly located in mid-sized Midwest markets. The Debtors' 2019 revenue was approximately $1.6 billion.

6. On May 10, 2020, (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have concurrently filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## Basis for Relief

**I.    Cause Exists to Extend the Time to File the Schedules and Statements.**

7. The requirements of section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) ordinarily require debtors to file their Schedules and Statements within fourteen days

3

after their petition date.  But, pursuant to Bankruptcy Rules 1007(c) and 9006(b), the Court has authority to extend the time required for filing of the Schedules and Statements "for cause." Fed. R. Bankr. P. 1007(c) and 9006(b).

8. Ample cause exists to grant the extension of time requested by this Motion.  To prepare their Schedules and Statements, the Debtors will have to compile information from books, records, and documents relating to thousands of claims, assets, leases, and contracts from each Debtor entity.  Accordingly, collection of the necessary information will require a significant expenditure of time and effort on the part of the Debtors and their employees. Complicating this task, due to the COVID-19 pandemic, the vast majority of the Debtors' workforce is currently furloughed and the non-furloughed employees are working remotely. As a result, the Debtors anticipate significant additional challenges and delays related to accessing all of the information required to prepare the Schedules and Statements (some of which may still be in paper form at the Debtors' office) and ensuring that all information is properly entered into the Debtors' accounting system.

9. In the days leading up to the Petition Date, the Debtors' primary focus has been preparing for these chapter 11 cases.  And, the Debtors intend to focus the attention of key personnel on critical operational and chapter 11 compliance issues during the early days of these chapter 11 cases. Such efforts will facilitate the Debtors' smooth transition into chapter 11 for the benefit of all stakeholders.

10. Courts in this district frequently grant debtors an extension of their deadline to file schedules and statements in complex chapter 11 cases. *See e.g.*, *In re Whiting Petroleum Corp.*, No. 20-32021 (DRJ) (Bankr. S.D. Tex. Apr. 1, 2020) (granting a forty-five day extension of the deadline to file schedules and statements); *In re Marshall Broadcasting Grp., Inc.*, No. 19-36743

4

(DRJ) (Bankr. S.D. Tex. Dec. 17, 2019) (granting a twenty-eight day extension of the deadline to file schedules and statements); *In re Approach Res. Inc.*, No. 19-36444 (MI) (Bankr. S.D. Tex. Nov. 19, 2019) (granting a sixteen-day extension of the deadline to file schedules and statements), *In re Vanguard Natural Res., Inc.*, No. 19-31786 (DRJ) (Bankr. S.D. Tex. Apr. 1, 2019) (granting a twenty-two-day extension of the deadline to file schedules and statements); and *In re Parker Drilling Co.*, No. 18-36958 (MI) (Bankr. S.D. Tex. Dec. 13, 2018) (granting a thirty-day extension of the deadline to file schedules and statements).

### Emergency Consideration

11.     Pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm," and Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this Motion. The Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than twenty-one days after the Petition Date. The relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

### Notice

12.     The Debtors will provide notice of this Motion to: (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to Wells Fargo Bank, National Association, as Agent under the Debtors' prepetition credit agreement; (d) the United States Attorney's Office for the Southern District of Texas; (e) the Internal Revenue Service; (f) the United States Securities and Exchange

Commission; (g) the state attorneys general for states in which the Debtors conduct business; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors request that the Court enter an order granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
May 10, 2020

/s/ *Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER L.L.P.** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jennifer F. Wertz (TX Bar No. 24072822) | Joshua A. Sussberg, P.C. (*pro hac vice* pending) |
| Kristhy M. Peguero (TX Bar No. 24102776) | Neil E. Herman (*pro hac vice* pending) |
| Veronica A. Polnick (TX Bar No. 24079148) | 601 Lexington Avenue |
| 1401 McKinney Street, Suite 1900 | New York, New York 10022 |
| Houston, Texas 77010 | Telephone: (212) 446-4800 |
| Telephone: (713) 752-4200 | Facsimile: (212) 446-4900 |
| Facsimile: (713) 752-4221 | Email: joshua.sussberg@kirkland.com |
| Email: mcavenaugh@jw.com | neil.herman@kirkland.com |
| jwertz@jw.com | |
| kpeguero@jw.com | -and- |
| vpolnick@jw.com | |

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

Joshua M. Altman (*pro hac* vice pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    josh.altman@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**Certificate of Service**

   I certify that on May 10, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                      /s/ *Matthew D. Cavenaugh*
                      Matthew D. Cavenaugh