

ENTERED
05/11/2020

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) |  |
| STAGE STORES, INC., *et al.*,[1] ) | Case No. 20-32564 (DRJ) |
| ) |  |
| Debtors. ) | (Jointly Administered) |
| ) |  |
| ) | **Re: Docket No. 17** |

### INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM AND MAINTAIN EXISTING BANK ACCOUNTS AND (B) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an interim order (this "Interim Order") (a) authorizing the Debtors to (i) continue to operate their cash management system and maintain their existing bank accounts, including honoring certain prepetition obligations related thereto and (ii) continue intercompany transactions and funding consistent with historical practice, as modified as set forth herein, (b) granting related relief, and (c) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Stage Stores, Inc. (6900) and Specialty Retailers, Inc. (1900). The Debtors' service address is: 2425 West Loop South, Houston, Texas 77027.

[2] Capitalized terms used and not defined herein have the meanings ascribed to them in the Motion.

is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The final hearing (the "Final Hearing") on the Motion shall be held on June 10, 2020, at 2:30 p.m., prevailing Central Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Central Time, on June 3, 2020.

2. Subject to the limitations of this Interim Order, the Debtors are authorized, but not directed, to: (a) continue using the Cash Management System as described in the Motion and honor any prepetition obligations related to the use thereof; (b) designate, maintain, close, and continue to use on an interim basis any or all of their existing Bank Accounts, including, but not limited to, the Bank Accounts identified on Exhibit B attached to the Motion, in the names and with the account numbers existing immediately before the Petition Date; (c) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, electronic fund transfers, ACH transfers, and other debits or electronic means; (d) treat their prepetition Bank Accounts for all purposes as debtor in possession accounts; and (e) open new debtor in possession Bank Accounts; *provided* that the Debtors shall give notice within ten (10) days to the U.S. Trustee, Wells Fargo Bank, National Association, as administrative agent and collateral agent under Debtors' prepetition senior secured financing arrangements (the "Prepetition Agent"), and any

statutory committee appointed in these Chapter 11 Cases of the opening or closing of any Bank Accounts and such opening or closing shall be timely indicated on the Debtors' monthly operating reports.

3. The Debtors are authorized to continue using, in their present form, the Business Forms, as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date, and maintain and continue using, in their present form, the Books and Records; *provided*, that once the Debtors' existing check stock has been exhausted, the Debtors shall include, or direct others to include, the designation "Debtor-in-Possession" and the corresponding bankruptcy case number on all checks as soon as it is reasonably practicable to do so; *provided further,* that with respect to any Business Forms that exist or are generated electronically, the Debtors shall ensure that such electronic Business Forms are clearly labeled "Debtor In Possession" within 10 business days.

4. Except as otherwise provided in this Interim Order and only to the extent funds are available in each applicable Bank Account, all Cash Management Banks at which the Bank Accounts are maintained are authorized to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay any and all checks, drafts, electronic fund transfers, and ACH transfers issued, whether before or after the Petition Date, and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be. For the avoidance of doubt, all Cash Management Banks and other payroll check processors are authorized to receive, process, honor, and pay, to the extent funds are available in each applicable Bank Account, any and all payroll checks that were issued prior to and remain outstanding as of the Petition Date.

5. Those certain prepetition deposit, cash management, treasury services agreements, and credit card processing agreements existing between the Debtors, the Cash Management Banks, and various Credit Card Processors shall continue to govern the postpetition cash management and credit card transaction processing relationships between the Debtors, the Cash Management Banks, and the credit card processors. Subject to applicable bankruptcy or other law, all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, offset rights and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court or, with respect to any such agreement with any Credit Card Process and Cash Management Bank (including, for the avoidance of doubt, any rights of a Cash Management Bank to use funds from the Bank Accounts to remedy any overdraft of another Bank Account to the extent permitted under the applicable deposit agreement), unless the Debtors and such Credit Card Processor or Cash Management Bank agree otherwise, and any other legal rights and remedies afforded to the Credit Card Processor and Cash Management Banks under applicable law shall be preserved, subject to applicable bankruptcy law.

6. The Credit Card Processors and Cash Management Banks are authorized to charge, and the Debtors are authorized and directed to pay, honor, or allow any Bank Fees, card transaction processing fees, or charges associated with the Bank Accounts, and charge back returned items to the Bank Accounts in the ordinary course, including any prepetition amounts. Any fees, costs, charges, and expenses, including Bank Fees, or charge-backs or any other reimbursement or payment obligations payable to the banks are hereby accorded priority as administrative expenses pursuant to section 503(b)(1) of the Bankruptcy Code.

7. Each Cash Management Bank is authorized to debit the Bank Accounts held at such Cash Management Bank in the ordinary course of business without the need for any further order

of this Court for: (a) all checks drawn on the Bank Accounts which are cashed at the applicable Cash Management Bank's counters or exchanged for cashier's checks by the payees thereof prior to or after the Petition Date; (b) all checks or other items deposited in one of the Bank Accounts with such Cash Management Bank prior to or after the Petition Date which have been dishonored or returned unpaid for any reason, including returned items that result from wire transfers, ACH transactions, or other electronic transfers of any kind, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to or after the Petition Date; (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Cash Management Bank as service charges for the maintenance of the Cash Management System, including any Bank Fees incurred in the ordinary course of business; and (d) any postpetition amounts due and owing to the Cash Management Bank as service charges for the maintenance of the Cash Management System, including any Bank Fees incurred in the ordinary course of business.

8. As soon as practicable after entry of this Interim Order, the Debtors shall serve a copy of this Interim Order on the Cash Management Banks.

9. The Debtors are authorized, but not directed to: (a) pay undisputed prepetition amounts outstanding as of the Petition Date, if any, owed in the ordinary course to the Credit Card Processors and Cash Management Banks as service charges for the maintenance of credit card transaction processing and the Cash Management System; and (b) reimburse the Cash Management Banks for any claims arising before or after the Petition Date in connection with customer checks deposited with the Cash Management Banks that have been dishonored or returned as a result of insufficient funds in the Bank Accounts in the ordinary course of business, to the same extent the Debtors were responsible for such items prior to the Petition Date.

10. The Debtors are authorized, but not directed, to enter into and engage in the Intercompany Transactions and to take any actions related thereto on the same terms as, and materially consistent with, the Debtors' operation of the business in the ordinary course during the prepetition period. All postpetition Intercompany Transactions are hereby accorded administrative expense priority status.

11. The Debtors are authorized to set off mutual postpetition obligations relating to intercompany receivables and payables through the Cash Management System consistent with prepetition practices. The Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions, including Intercompany Transactions, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts. The Debtors shall make such records available upon request by the U.S. Trustee and any statutory committee.

12. The Debtors and the Cash Management Banks may, without further order of the Court, agree and implement changes to the policies and procedures related to the Cash Management System in the ordinary course of business; *provided* that the Debtors or the Cash Management Banks shall provide notice to the Prepetition Agent, the U.S. Trustee, and any statutory committee.

13. The Debtors are authorized to open new bank accounts so long as (a) any such new account is with one of the Debtors' existing Cash Management Banks or with a bank that is (i) insured with the FDIC or the Federal Savings and Loan Insurance Corporation, (ii) designated as an authorized depository by the U.S. Trustee pursuant to the U.S. Trustee's Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, or (iii) with a bank that agrees to be bound by the terms of this Order; and (b) the Debtors provide notice to the U.S. Trustee, any statutory committee, and the Notice Parties of the opening of such account;

*provided* that all accounts opened by any of the Debtors on or after the Petition Date at any bank shall, for purposes of this Interim Order, be deemed a Bank Account as if it had been listed on <u>Exhibit B</u> attached to the Motion; *provided*, that the Debtors shall give notice within ten (10) days to the U.S. Trustee, the Prepetition Agent, and any statutory committee.

14. The relief granted in this Interim Order is extended to any new bank account opened by the Debtors after the date hereof, which account shall be deemed a Bank Account, and to the bank at which such account is opened, which bank shall be deemed a Cash Management Bank. As required herein, to the extent the Debtors open a new bank account, they shall provide reasonable written notice to the Prepetition Agent, the U.S. Trustee and any statutory committee.

15. To the extent any of the Debtors' Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have until June 26, 2020, without prejudice to seeking an additional extension, to either come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines; provided that nothing herein shall prevent the Debtors or the U. S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached. The Debtors may obtain a further extension of the 45-day time period referenced above by entering into a written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order.

16. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an

implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

17.   Notwithstanding any other provision of this Interim Order, should a Cash Management Bank honor a prepetition check or other item drawn on any account that is the subject of this Interim Order (a) at the direction of the Debtors to honor such prepetition check or item, including the Debtors' failure to stop payment on any such check or item, (b) in a good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as the result of an innocent mistake made despite implementation of customary item handling procedures, the Cash Management Bank shall not be deemed to be nor shall be liable to the Debtors or their estates or otherwise be in violation of this Interim Order.  Without limiting the foregoing, any of the Cash Management Banks may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of the Court, and such Cash Management Bank shall

not have any liability to any party for relying on such representations by the Debtors as provided for herein.

18. Any payment from a Bank Account made by any Cash Management Bank arising from a request of the Debtors or a third party payee made before or on the Petition Date (including any ACH transfer such Cash Management Bank is or becomes obligated to settle), or any instruments issued by any of the Cash Management Banks on behalf of the Debtors pursuant to a "midnight deadline" or otherwise (solely for purposes of the automatic stay), shall be deemed to be paid prepetition, whether or not actually debited from such Bank Account prepetition; *provided, however*, that unless ordered by the Court, no checks, drafts, ACH transfers or other items presented, issued or drawn on the Bank Accounts on account of a claim against the Debtors arising before the Petition Date shall be honored.

19. Cash Management Banks shall not be liable to any party on account of: (a) following Debtors' representations, instructions, or presentations as to any order of this Court (without any duty of further inquiry); or (b) the honoring of any prepetition checks, drafts, wires, or ACH payments in a good faith belief or upon a representation by the Debtors that this Court has authorized such prepetition check, draft, wire, or ACH payments.

20. Nothing contained herein shall prevent the Debtors from closing any Bank Accounts as they may deem necessary and appropriate, to the extent consistent with any orders of this Court relating thereto, any relevant bank is authorized to honor the Debtors' requests to close such Bank Accounts, and the Debtors shall provide reasonable prior written notice of the closure of any account to the U.S. Trustee and any statutory committee.

21. Notwithstanding entry of this Interim Order, nothing herein shall create, or is intended to (a) create, any rights in favor of or enhance the status of any claim held by any party

9

or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

22. All time periods set forth in this Interim Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

23. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

24. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

25. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

26. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

27. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Signed: May 11, 2020.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**