United States Bankruptcy Court Southern - Texas
ENTERED
05/12/2020

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| STAGE STORES, INC., *et al.*,[1] | ) | Case No. 20-32564 (DRJ) |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | **Re: Docket No.** 23 |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing the Debtors to (a) authorizing the Debtors to (i) pay prepetition wages, salaries, other compensation, and reimbursable expenses and (ii) continue employee benefits programs in the ordinary course, including payment of certain prepetition obligations related thereto, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Stage Stores, Inc. (6900) and Specialty Retailers, Inc. (1900). The Debtors' service address is: 2425 West Loop South, Houston, Texas 77027.

[2] Capitalized terms used and not defined herein have the meanings ascribed to them in the Motion.

interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Debtors are authorized to continue to provide, and to pay any claims or obligations on account of the Compensation and Benefits in the ordinary course and in accordance with the Debtors' prepetition policies and prepetition practices and the terms of this Order, *provided* that this authorization shall be limited to the extent that the Debtors have specifically stated in the Motion that they are only seeking such authorization subject to availability in their Budget, including Unpaid Bonuses, Unpaid Retention Incentives, PLCC Incentives, Unpaid Severance, and obligations to Independent Contractors and Staffing Agencies. The Debtors shall not honor any prepetition claims or obligations on account of Compensation and Benefits to any individual that exceed the priority amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

3. For the avoidance of doubt, the Debtors are authorized to continue the Retirement Savings Plans (including the 401(k) Plan and the NQDC Plans) in the ordinary course of business on a postpetition basis, to remit all Retirement Savings Plan Amounts collected in the ordinary course of business and to access the funds in the rabbi trust for purposes of honoring their

obligations under the NQDC Plans in the ordinary course of business, with Fidelity Investments hereby ordered to release the funds in the rabbi trust for such purpose.

4. The Debtors are authorized to continue to provide, and to pay any claims or obligations on account of the Director Compensation in the ordinary course and in accordance with the Debtors' prepetition policies and prepetition practices and the terms of this Order.

5. The Debtors shall not make any bonus, incentive, retention, or severance payments to any Insiders (as such term is defined in section 101(31) of the Bankruptcy Code) without further order of this Court.

6. The automatic stay of section 362(a) of the Bankruptcy Code, to the extent applicable, is hereby lifted to permit: (a) Employees to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum; (b) the Debtors to continue the Workers' Compensation Program and pay all prepetition amounts relating thereto in the ordinary course; (c) insurers and third party administrators to handle, administer, defend, settle, and/or pay Workers' Compensation Claims and direct action claims; and (d) insurers and third party administrators providing coverage for any Workers' Compensation Claims or direct action claims to draw on any and all collateral provided by or on behalf of the Debtors therefor without further order of the Bankruptcy Court if and when the Debtors fail to pay and/or reimburse any insurers and third party administrators for any amounts in relation thereto. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program and any such claims must be pursued in accordance with the applicable Workers' Compensation Program.

7. The Debtors are authorized to forward any unpaid amounts on account of Withholding Obligations to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' prepetition policies and practices.

8. The Debtors are authorized to pay costs and expenses incidental to payment of the Compensation and Benefits obligations, including all administrative and processing costs and payments to outside professionals.

9. The Debtors shall not make any payments on account of any Unpaid Severance arising after the Petition Date in violation of section 503(c) of the Bankruptcy Code.

10. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Compensation and Benefits obligations. Before making any payments on account of any Unpaid Severance in excess of (y) $100,000 in the aggregate in any calendar month or (z) $50,000 to any individual, the Debtors shall provide five (5) days' advance notice to the U.S. Trustee and any statutory committee of (a) the title of the Claimant, (b) the amount of the payment to such Claimant, and (c) the proposed payment date. The Debtors shall maintain a matrix, schedule, or other summary of amounts paid related to Unpaid Severance subject to the terms and conditions of this Order, including the following information: (a) the name of the Claimant paid; (b) the amount of the payment to such Claimant; (c) the total amount paid to the Claimant to date; (d) the category of Claimant, as further described and classified in the Motion; (e) the payment date; and (f) the purpose of such payment. The Debtors shall provide a copy of such matrix, schedule, or other summary to the U.S. Trustee, and any statutory committee appointed in these chapter 11 cases every 30 days beginning upon entry of this Order.

11. The banks and financial institutions on which checks were drawn or electronic fund transfer requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic fund transfer requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic fund transfer requests as approved by this Order.

12. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

13. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Compensation and Benefits obligations.

14. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

15. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

18. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: May 12, 2020.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**