# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| STAGE STORES, INC., *et al.*,[1] | ) Case No. 20-32564 (DRJ) |
| Debtors. | ) (Jointly Administered) |

## APPLICATION OF DEBTORS AND DEBTORS-IN-POSSESSION TO RETAIN JACKSON WALKER LLP AS CO-COUNSEL AND CONFLICTS COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION

> **THIS APPLICATION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE CHIEF UNITED STATES BANKRUPTCY JUDGE DAVID R. JONES:

Stage Stores, Inc., and its subsidiaries as debtors and debtors in possession (collectively, the "Debtors") by and through their proposed, undersigned counsel, file this Application of Debtors and Debtors-in-Possession to Employ Jackson Walker LLP as Co-Counsel and Conflicts Counsel for the Debtors and Debtors-in-Possession (the "Application") and in support thereof, would show the Court as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Stage Stores, Inc. (6900) and Specialty Retailers, Inc. (1900). The Debtors' service address is: 2425 West Loop South, Houston, Texas 77027.

1

25876176v.1 151008/00033

# I. JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are §§ 327 and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Bankruptcy Rules 2014(a) and 2016, and rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

# II. BACKGROUND

4. On May 10, 2020 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

5. A description of the background of the Debtors and the events leading up to the filing of the voluntary petitions by the Debtors is provided in the *Declaration of Elaine D. Crowley, Chief Restructuring Officer of Stage Stores, Inc. in Support of Debtor's Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 26].

6. The Debtors are apparel, accessories, cosmetics, footwear, and home goods retailers that operate department stores under the Bealls, Goody's, Palais Royal, Peebles, and Stage brands and off-price stores under the Gordmans brand. The Debtors employ approximately 14,694 employees, who operate approximately 700 stores across forty-two states. The Debtors'

2

department stores predominately serve small towns and rural communities, and the Debtors' off-price stores are mostly located in mid-sized Midwest markets. The Debtors' 2019 revenue was approximately $1.6 billion.

### III. RELIEF REQUESTED

7. The Debtors desire to employ the law firm of Jackson Walker LLP (the "Firm"), 1401 McKinney Street, Suite 1900, Houston, Texas 77010, (713) 752-4200 (telephone), (713) 752-4221 (facsimile), to serve as their co-counsel and conflicts counsel in this case, in accordance with the conditions set forth in that certain Engagement Letter between the Debtors and the Firm (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit A**, and incorporated herein by reference.

8. In support of the Application, the Debtors submit the Declaration of Matthew D. Cavenaugh (the "Cavenaugh Declaration"), a partner of the Firm, which is attached hereto as **Exhibit B**.

A. **Necessity for Retention of Co-Counsel and Conflicts Counsel and Scope of Services**

9. The Debtors have determined that the retention of co-counsel and conflicts counsel is necessary to the successful administration of these chapter 11 cases, and that the Firm's employment would be in the best interest of the estates. The Firm's complex chapter 11 experience, as well as its extensive practice before this Court, and knowledge of the Local Rules and practices, make it substantively and geographically ideal to efficiently serve the needs of the Debtors. The Firm regularly represents chapter 11 debtors in the Southern District of Texas and throughout Texas, and thus is well qualified by its experience to serve as co-counsel to the Debtors in these proceedings.

10. By separate application, the Debtors have also asked the Court to approve the retention of Kirkland & Ellis LLP and Kirkland & Ellis International LLP ("K&E") as lead counsel

3

for the Debtors. The Firm has discussed the division of responsibilities with K&E and will avoid duplication of efforts. To specifically disclose the division of labor, and to avoid unnecessary duplication of services, the Firm is proposed to primarily provide the following services for its engagement in these chapter 11 cases as local and conflicts counsel to the Debtors:

- provide legal advice and services regarding local rules, practices, and procedures, including Fifth Circuit law;
- provide certain services in connection with administration of the chapter 11 cases, including, without limitation, preparing agendas, hearing notices, witness and exhibit lists, and hearing binders of documents and pleadings;
- review and comment on proposed drafts of pleadings to be filed with the Court;
- at the request of the Debtors, appear in Court and at any meeting with the United States Trustee, and any meeting of creditors at any given time on behalf of the Debtors as their local and conflicts bankruptcy co-counsel;
- perform all other services assigned by the Debtors to the Firm as local and conflicts bankruptcy co-counsel; and
- provide legal advice and services on any matter on which K&E may have a conflict or as needed based on specialization.

**B.    The Firm's Qualifications**

11.    The Debtors seek to retain the Firm as set forth herein because of the Firm's recognized and extensive experience and knowledge of chapter 11 business reorganization as well as its experience practicing in Texas and in this District.

12.    The Firm has been actively involved in many major Chapter 11 cases and has represented many debtors in districts throughout Texas, including recently in the Southern District of Texas, for example: *In re Weatherly Oil & Gas, LLC,* Case No. 19-31087(MI) (Bankr. S.D. Tex. Feb. 28, 2019); *In re Westmoreland Coal Company,* Case No. 18-35672 (DRJ) (Bankr. S.D. Tex. Oct. 9, 2018); and *In re Seadrill Limited, et al.,* No. 17-60079 (DRJ) (Bankr. S.D. Tex. September 12, 2017).

13.    In preparing for its representation of the Debtors in these Chapter 11 cases as co-counsel and conflicts counsel, the Firm has become familiar with the Debtors' business, and

4

the potential legal issues that may arise in the context of these cases.  The Debtors believe that the Firm is well qualified to represent the Debtors in these Chapter 11 cases in a timely and efficient manner.

**C.      Compensation**

14.     The proposed arrangement for compensation is set forth in the Engagement Letter. *See* **Exhibit A**.  The Firm's fees are determined on the basis of time billed at hourly rates. The Firm's hourly rates vary with the experience and seniority of its attorneys and paralegals, and are adjusted on October 1 of each year.  Work is assigned among attorneys and other professionals so as to meet the Debtors' needs, including timing requirements, in an economically efficient manner, typically resulting in blended rates of approximately $546 an hour or less.  The Firm did not vary from, or agree to any alternatives to, its standard or customary billing arrangements for this engagement.

15.     Expenses related to the Firm's services will be included in the Firm's applications for compensation, which may include third-party disbursements, such as travel expenses, messenger charges, filing and recording fees, and other costs.  It is the Firm's intent to bill such expenses at the Firm's cost.  Certain other expenses, such as photocopying, computerized research and long distance tolls, will be billed in accordance with the Firm's standard schedule of charges. To the extent there may be large third-party disbursements, such as expert fees and expenses, mediation and arbitration fees, deposition costs, and substantial travel expenses, the Firm may ask that the Debtors be responsible for paying them directly, rather than through the Firm.

16.     The Firm's customary fees and expenses incurred in connection with this representation are to be paid out of the Debtors' estates.  The Firm will apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the Bankruptcy

Code, the Federal Rules of Bankruptcy Procedure, the Local Rules for the Southern District of Texas, and any other orders of the Court. The Debtors will be jointly and severally liable for all fees and expenses incurred by the Firm for services rendered to the Debtors pursuant to the Engagement Letter.

17. In connection with the Engagement Letter, the Firm received a retainer of $75,000 for services performed and to be performed in connection with, and in contemplation of, the filing of this case (the "Retainer"). On May 8, 2020, the Firm received a payment of $59,151.65[2] for prepetition services, and reimbursement of expenses incurred for filing fees. The Firm continues to hold $15,848.35 in trust.

18. Matthew D. Cavenaugh's hourly rate is $750. The rates of other restructuring attorneys in the Firm range from $385.00 to $895.00 an hour, and the paraprofessional rates range from $175-$185.00 per hour. These rates are consistent with rates that the Firm charges in other comparable chapter 11 cases, with no variation based upon the geographical location of a case.

**D.    The Firm is Disinterested**

19. To the best of the Debtors' knowledge, these attorneys have no interest adverse to the Debtors or to the Debtors' bankruptcy estates and are disinterested. The Firm has no connections with the Debtors, the Debtors' creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any other person employed in the office of the United States Trustee herein except as disclosed in the Cavenaugh Declaration. The Cavenaugh Declaration demonstrates that although the Firm represents, and has represented several of the Debtors' creditors or affiliates of the Debtors' creditors, those matters are not substantially related to the Debtors' bankruptcy cases; the representations are concluded; the

---

[2] This payment included $3,434.00 for anticipated filing fees for each petition filed.

representation is of an affiliate; or the representations and the claims of those creditors are immaterial and *de minimus*.

E. **Supporting Authority**

20. The Debtors seek approval to retain the Firm as set forth pursuant to § 327(a) of the Bankruptcy Code. Section 327(a) provides that a debtor, subject to court approval:

> [m]ay employ one or more attorneys, accountants, appraiser, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). In addition, Rule 2014(a) of the Federal Rules of Bankruptcy Procedure requires that an application for retention include the following: (1) specific facts showing the necessity for the employment; (2) the name of the firm to be employed; (3) the reasons for the selection; (4) the professional services to be rendered; (5) any proposed arrangement for compensation; and (6) to the best of the applicant's knowledge, all of the Firm's connections with the debtor, creditor, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any personnel employed in the office of the United States Trustee.

21. The Debtors believe that for all the reasons stated herein the retention and employment of the Firm as requested herein is warranted. Furthermore, as stated in the Cavenaugh Declaration, the Firm is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code, as required by § 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors, and has no connection to the Debtors, their creditors, or other parties in interest except as set forth in the Cavenaugh Declaration. Accordingly, the Debtors request the Application be approved.

WHEREFORE, PREMISES CONSIDERED, the Debtors request that this Court enter an Order allowing the retention of Jackson Walker LLP as its co-counsel and conflicts counsel herein, upon the terms described in this Application, and or such other relief as is just.

Dated: June 4, 2020.

/s/ *Elaine D. Crowley*
Elaine D. Crowley
Chief Restructuring Officer
Stage Stores, Inc.

**Certificate of Service**

I certify that on the 4th June, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Matthew D. Cavenaugh*
Matthew D. Cavenaugh