**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>Stage Stores, Inc., *et al*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-32564 (DRJ)<br><br>(Jointly Administered) |

**STIPULATION EXTENDING PERIOD FOR COMMITTEE TO CHALLENGE CERTAIN
OF THE PREPETITION SECURED PARTIES' LIENS**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (together, the "Debtors"), on the one hand, and the Prepetition Agents[2] on the other hand, hereby enter into this Stipulation, and stipulate and agree to the following:

**RECITALS**

**WHEREAS**, on May 10, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the United States Code, 11 U.S.C §§ 101, *et seq.* in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"); and

**WHEREAS**, on May 20, 2020, the Committee was appointed pursuant to 11 U.S.C. § 1102; and

**WHEREAS**, on June 10, 2020, the Court entered the Final Cash Collateral Order; and

**WHEREAS**, paragraph 17(b) of the Final Cash Collateral Order established a deadline of July 20, 2020 for the Committee to assert a Challenge (the "Challenge Period"); and

**WHEREAS**, paragraph 17(b) of the Final Cash Collateral Order provides that the Challenge

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Stage Stores, Inc. (6900) and Specialty Retailers, Inc. (1900). The Debtors' service address is: 2425 West Loop South, Houston, Texas 77027.

[2]    Capitalized terms used and not defined herein shall have the meaning ascribed to such terns in the *Agreed Final Order (I) Authorizing Use of Cash Collateral and Affording Adequate Protection, (II) Modifying the Automatic Stay, and (III) Granting Related Relief* [ECF No. 441] (the "Final Cash Collateral Order").

Period may be extended with the written consent of the Prepetition Agents prior to the expiration of the Challenge Period; and

**WHEREAS**, the Committee and the Prepetition Agents (together, the "Parties") have agreed to extend the Challenge Period as to the Committee only with respect to certain of the Prepetition Secured Parties' Prepetition Liens, as set forth below, and the Parties wish to further memorialize that agreement under the terms of this Stipulation.

## STIPULATION

NOW THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS AGREED THAT:

1. The Challenge Period is hereby extended through and including September 18, 2020 solely with respect to any Challenge concerning the Prepetition Secured Parties' prepetition liens on the following assets owned by the Debtors: (i) certain real property located at 307 Stratton Street, Logan, West Virginia 25601; 321 Stratton Street, Logan, West Virginia 25601; 1020 Willow Creek Drive, Jacksonville, Texas 75766; and 506 Beall Boulevard, Jacksonville, Texas 75766; and (ii) any and all rights of the Debtors with respect to any tax refunds created by the CARES Act[3] with respect to the carryback of net operating losses for prior tax years ((i) and (ii) collectively the "Preserved Lien Challenges").

2. The Challenge Period shall be extended solely for the Committee and solely with respect to a Challenge by the Committee with respect to the validity, extent, priority or perfection of the security interests and liens of the Prepetition Secured Parties with respect to the Preserved Lien Challenges only.

---

[3] "CARES Act" means the Coronavirus Aid, Relief and Economic Security Act, (H.R. 6074, H.R. 6201, H.R. 748 and H.R. 266 (116), as amended (including any successor thereto), and all requests, rules, guidelines, requirements and directives thereunder or issued in connection therewith or in implementation thereof, regardless of the date enacted, adopted, issued or implemented.

3. Except as set forth in Paragraph 1 above, the Committee hereby (a) waives and releases any all rights to assert a Challenge with respect to (i) the validity, extent, priority, or perfection of the security interests, and Prepetition Liens of the Prepetition Agents and the other Prepetition Secured Parties, (ii) the validity, allowance, priority, or amount of the Prepetition Obligations, or (iii) any liability of the Prepetition Agents and the other Prepetition Secured Parties with respect to anything arising from the Prepetition Financing Documents, and (b) agrees (x) that the Challenge Period is deemed terminated as to the Committee for all other purposes, (y) all of the findings, Debtors' Stipulations, waivers, releases, affirmations, and other stipulations as to the amount, priority, extent, and validity as to the claims, liens, and interests of the Prepetition Agents and the other Prepetition Secured Parties, as applicable, shall be of full force and effect and forever binding upon the Debtors' Estates and all creditors, interest holders, and other parties in interest in the Chapter 11 Cases and any Successor Cases, and (z) any and all claims or causes of action against the Prepetition Agents and the other Prepetition Secured Parties, as applicable, relating in any way to the Prepetition Financing Documents, Prepetition Obligations, and Prepetition Liens, as applicable, shall be and the same hereby are released by the Committee.

4. Anything herein to the contrary notwithstanding, nothing herein shall affect the Adequate Protection Replacement Liens and the Adequate Protection Superpriority Claim granted to the Prepetition Agents and the other Prepetition Secured Parties in the Final Cash Collateral Order with respect to any assets and/or interests of the Debtors relating to the Preserved Lien Challenges, and any products and proceeds thereof.

5. This Stipulation shall not prejudice (a) the Committee's right to request a further extension of the Challenge Period solely with respect to the Preserved Lien Challenges or (b) the Prepetition Agents' and the other Prepetition Secured Parties' rights to object to any such extension request.

6. Except as expressly set forth in this Stipulation, nothing contained herein shall constitute an amendment or modification to the Final Cash Collateral Order, and the Final Cash Collateral Order shall otherwise remain in full force and effect, and all parties' respective rights, remedies, and limitations thereunder shall remain unaffected.  Moreover, nothing herein shall be construed to provide the Prepetition Secured Parties any additional liens on the Debtors' assets.

7. This Stipulation may not be amended or modified without the written consent of the Parties hereto. This Stipulation may be executed in counterparts by facsimile or other electronic transmission, each of which will be deemed an original, and all of which when taken together will constitute one document.

8. Each individual signing this Stipulation on behalf of any Party hereto acknowledges and, with respect to his or her own signature below, warrants and represents that he or she is counsel to such Party and in such capacity is authorized to execute this Stipulation on behalf of the party indicated.

10. Each Party further represents and agrees that it has had the opportunity to consult with its respective attorneys regarding the Stipulation and that such counsel has had the opportunity to review this Stipulation; that it has carefully read and each fully understands all of the provisions of this Stipulation; and that it is entering into this Stipulation voluntarily.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the construction, performance, enforcement or implementation of the terms of the Stipulation.

[*Remainder of Page Left Blank – Signatures to Follow*]

Date: July 20, 2020

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **RIEMER & BRAUNSTEIN LLP** |
| By: /s/ *Michael D. Warner* | By: */s/ Steven E. Fox* |
| Michael D. Warner, Esq. | Steven E. Fox, Esq. (admitted *pro hac vice*) |
| (TX Bar No. 00792304) | Seven Times Square, Suite 2506 |
| 301 Commerce Street, Suite 1700 | New York, New York 10036 |
| Fort Worth, Texas 76102 | Telephone: (212) 789-3150 |
| (817) 810-5250 | Facsimile: (212) 719-0140 |
| (817) 977-1611 (Facsimile) | Email: sfox@riemerlaw.com |
| mwarner@coleschotz.com | |

*Counsel for the Official Committee of Unsecured Creditors of Stage Stores, Inc., et al.*

*Counsel for Wells Fargo Bank, National Association, as Administrative Agent and Collateral Agent*

**CHOATE, HALL & STEWART LLP**

By: */s/ Kevin J. Simard*
Kevin J. Simard, Esq. (admitted *pro hac vice*)
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-4086
Facsimile: (617) 502-4086
Email: ksimard@choate.com

*Counsel for Wells Fargo Bank, National Association, as Term Loan Agent*

2631303.3