**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| STAGE STORES, INC., *et al*.,[1] | ) |
| | ) Case No. 20-32564 (DRJ) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

**NOTICE OF PLAN SUPPLEMENT FOR THE JOINT AMENDED**
**CHAPTER 11 PLAN OF STAGE STORES, INC. AND SPECIALTY RETAILERS, INC.**

**PLEASE TAKE NOTICE THAT** the debtors and debtors in possession (collectively, the "Debtors") hereby file this *Notice of Plan Supplement for the Joint Amended Chapter 11 Plan of Stage Stores, Inc. and Specialty Retailers, Inc* (as may be amended from time to time, the "Plan Supplement").[2]

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file this Plan Supplement in support of confirmation of the Plan. The schedules contained in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan. The Plan Supplement schedules have not yet been approved by the Bankruptcy Court. If the Plan is approved, the schedules contained in the Plan Supplement will be approved by the Bankruptcy Court pursuant to the Confirmation Order.

**PLEASE TAKE FURTHER NOTICE** that the Plan Supplement contains the following schedules, as may be amended, modified, or supplemented from time to time by the Debtors in accordance with the Plan.

**TABLE OF CONTENTS**

| Exhibit | Description |
|---|---|
| A | Schedule of Assumed Executory Contracts and Unexpired Leases |
| B | Schedule of Retained Causes of Action |
| C | Identity and Terms of Compensation of the Plan Administrator |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Stage Stores, Inc. (6900) and Specialty Retailers, Inc. (1900). The Debtors' service address is: 2425 West Loop South, Houston, Texas 77027.

[2]   Capitalized terms used but not defined herein have the same meaning as set forth in the *Joint Amended Chapter 11 Plan of Stage Stores, Inc. and Specialty Retailers, Inc.* [Docket No. 536] (as may be amended, modified, or supplemented from time to time, the "Plan").

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **August 14, 2020, at 2:30 p.m.** prevailing Central Time, before the Honorable David R. Jones, in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street, Houston, Texas 77002, Courtroom 400.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **August 7, 2020, at 4:00 p.m.** prevailing Central Time (the "Plan Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Bankruptcy Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Bankruptcy Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **August 7, 2020, at 4:00 p.m.** prevailing Central Time:

| Debtors | Counsel to the Debtors |
|---|---|
| Stage Stores, Inc.<br>2425 West Loop South<br>Houston, Texas 77027<br>Attn:  Office of the General Counsel | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn.:  Joshua A. Sussberg, P.C.<br>　　　　 Neil E. Herman<br><br>and<br><br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, Illinois  60654<br>Attn.:  Joshua A. Altman<br>　　　　 Kevin S. McClelland<br><br>and<br><br>Jackson Walker L.L.P<br>1401 McKinney Street, Suite 1900<br>Houston, Texas 77010<br>Attn.:  Mathew D. Cavenaugh<br>　　　　 Jennifer F. Wertz |
| **Counsel to the Prepetition Secured Agents** | **Counsel to the Committee** |
| Riemer & Braunstein LLP<br>Seven Times Square, Suite 2506<br>New York, NY<br>Attn:  Seven E. Fox | Cole Schotz P.C.<br>1325 Avenue of the Americas \| 19th Floor<br>New York, NY 10019<br>Attn:  Seth Van Aalten |

| | and |
| | |
| | Cooley LLP<br>55 Hudson Yards<br>New York, NY 10001<br>Attn:  Jay Indyke |
| **United States Trustee** | |
| The United States Trustee<br>515 Rusk Street, Suite 3516<br>Houston, Texas 77002<br>Attn.:  Hector Duran and Stephen Statham | |

**PLEASE TAKE FURTHER NOTICE THAT** that copies of all documents filed in these chapter 11 cases are available free of charge by visiting the website of Stretto at http://www.kccllc.net/stagestores.  You may also obtain copies of any pleadings via PACER on the Court's website at https://ecf.txsb.uscourts.gov for a fee.

3

Houston, Texas
July 31, 2020

/s/ *Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER L.L.P.** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jennifer F. Wertz (TX Bar No. 24072822) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Kristhy M. Peguero (TX Bar No. 24102776) | Neil E. Herman (admitted *pro hac vice*) |
| Veronica A. Polnick (TX Bar No. 24079148) | 601 Lexington Avenue |
| 1401 McKinney Street, Suite 1900 | New York, New York 10022 |
| Houston, Texas 77010 | Telephone:    (212) 446-4800 |
| Telephone:    (713) 752-4200 | Facsimile:    (212) 446-4900 |
| Facsimile:    (713) 752-4221 | Email:    joshua.sussberg@kirkland.com |
| Email:    mcavenaugh@jw.com | neil.herman@kirkland.com |
| jwertz@jw.com | |
| kpeguero@jw.com | -and- |
| vpolnick@jw.com | |

*Co-Counsel to the Debtors*
*and Debtors in Possession*

Joshua M. Altman (admitted *pro hac* vice)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    josh.altman@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

4

**Certificate of Service**

I certify that on July 31, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*

Matthew D. Cavenaugh

**Exhibit A**

**Assumed Executory Contract and Unexpired Lease Documents**

The Debtors are not seeking to assume any Executory Contracts or Unexpired Leases at this time; *provided* that the Debtors reserve the right to alter, amend, modify, or supplement the Schedule of Assumed Executory Contracts.

## Exhibit B

## Schedule of Retained Causes of Action

Article IV.M of the Plan provides that in accordance with section 1123(b) of the Bankruptcy Code, but subject to Article IX thereof the Wind-Down Debtors, as applicable, shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Causes of Action, whether arising before or after the Petition Date, including any actions specifically enumerated in the Schedule of Retained Causes of Action, and the Wind-Down Debtors' rights to commence, prosecute, or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date, other than the Causes of Action released by the Debtors pursuant to the releases and exculpations contained in the Plan, including in Article IX." For the avoidance of doubt, nothing in this Plan Supplement modifies this definition in the Plan.

The Wind-Down Debtors may pursue such Causes of Action, as appropriate, in accordance with the best interests of the Wind-Down Debtors. **No Entity may rely on the absence of a specific reference in the Plan, the Plan Supplement, or the Disclosure Statement to any Cause of Action against it as any indication that the Debtors or the Wind-Down Debtors, as applicable, will not pursue any and all available Causes of Action against it. The Debtors or the Wind-Down Debtors, as applicable, expressly reserve all rights to prosecute any and all Causes of Action against any Entity, except as otherwise expressly provided in the Plan, including Article IX of the Plan.** Unless any Causes of Action against an Entity are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Bankruptcy Court order, the Wind-Down Debtors expressly reserve all Causes of Action, for later adjudication, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to such Causes of Action upon, after, or as a consequence of the Confirmation or Consummation.

**Pursuant to the Plan, on the Effective Date, the Retained Causes of Action shall vest in the Wind-Down Debtors.** The Retained Causes of Action include among other things, all of the Debtors' claims (as defined in section 105(5) of the Bankruptcy Code) and Causes of Action (including defenses, counter-claims, and other rights), in each case, relating to the following, to the extent not otherwise released by the release and exculpations contained in the Plan, including in Article IX:

- any and all Claims and Causes of Action related to accounts receivable and accounts payable against or related to all Entities that owe or that may in the future owe money to the Debtors or the Wind-Down Debtors. Furthermore, the Debtors expressly reserve all Causes of Action against or related to all Entities who assert or may assert that the Debtors or Wind-Down Debtors owe money to them;

- any and all Causes of Action based in whole or in part upon any and all postings of a security deposit, adequate assurance payment, or any other type of deposit of collateral, regardless of whether such posting of security deposit, adequate assurance payment, or other type of deposit or collateral is specifically identified herein;

- any and all Causes of Action based in whole or in part upon any and all liens;

- any and all Causes of Action, based in whole or in part upon any and all contracts and leases to which any Debtor or Wind-Down Debtor is a party or pursuant to which any Debtor or Wind-Down Debtor has any rights whatsoever including, without limitation, Causes of Action against vendors, suppliers of goods or services, or any other parties:  (a) for overpayments, back charges, duplicate payments, improper holdbacks, deposits, warranties, guarantees, indemnities, recoupment, or setoff; (b) for wrongful or improper termination, suspension of services or supply of goods, or failure to meet other contractual or regulatory obligations; (c) for failure to fully perform or to condition performance on additional requirements under contracts with any one or more of the Debtors before the assumption or rejection, if applicable, of such contracts; (d) for payments, deposits, holdbacks, reserves, or other amounts owed by any creditor, utility, supplier, vendor, insurer, surety, factor, lender, bondholder, lessor, or other party; (e) for any liens, including mechanic's, artisan's, materialmen's, possessory, or statutory liens held by any one or more of the Debtors; (f) counter-claims and defenses related to any contractual obligations; (g) any turnover actions arising under section 542 or 543 of the Bankruptcy Code; (h) for unfair competition, interference with contract or potential business advantage, breach of contract, infringement of intellectual property, or any business tort claims; and (i) any accumulated service credits, both those that may apply to future vendor invoices and those from which the Debtors may be entitled to receive a refund;

- any and all Causes of Action against or related to all customers that owe or may in the future owe money to the Debtors or the Wind-Down Debtors, whether for unpaid bills or any other matter whatsoever;

- any and all Causes of Action related to audits involving any of the Debtors;

- any and all Causes of Action brought by, or that might later be brought by, any local, state, federal, or foreign "governmental unit" (as defined in section 101(27) of the Bankruptcy Code) related to any of the Debtors;

- any and all settlement agreements (or similar documents) involving any of the Debtors;

- any and all Causes of Action relating to any Assumed Executory Contract or Unexpired Lease;

- any and all Causes of Action against or related to all Entities that owe or that may in the future owe money related to tax refunds to the Debtors or Wind-Down Debtors, regardless of whether such Entity is specifically identified herein. Furthermore, the Debtors expressly reserve all Causes of Action against or related to all Entities who assert or may assert that the Debtors or the Wind-Down Debtors owe taxes to them, including without limitation those tax related Causes of Action identified on **Schedule B(i)** attached hereto;

- any and all Causes of Action based in whole or in part upon any and all insurance contracts and insurance policies to which any Debtor or Wind-Down Debtor is a party or pursuant to which any Debtor or Wind-Down Debtor has any rights whatsoever, regardless of whether such contract or policy is specifically identified herein, including Causes of Action against insurance carriers, reinsurance carriers, insurance brokers, underwriters, occurrence carriers,

or surety bond issuers relating to coverage, indemnity, contribution, reimbursement, or any other matters, including without limitation those insurance contracts and insurance policies identified on **Schedule B(ii)** attached hereto; and

- any and all Causes of Action against or related to all Entities that are party to or that may in the future become party to litigation, arbitration, or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal or judicial or non-judicial, including those litigation, arbitration, or other types of adversarial proceedings or dispute resolution proceedings, regardless of whether such Entity is specifically identified in the Plan, this Plan Supplement, or any amendments thereto, including without limitation those litigations identified on **Schedule B(iii)** attached hereto.

**<u>Schedule B(i)</u>**

**Schedule of Retained Causes of Action Related to Tax and Tax Refunds**

| Debtor | Taxing Authority | Tax Type | Address | Description |
|---|---|---|---|---|
| Stage Stores, Inc. | Federal IRS | Corporate Income | Internal Revenue Service<br>P.O. Box 1214<br>Charlotte, NC 28201-1214 | Federal refund due to CARES Act for Fiscal year 2018 NOL carryback to 2013, 2014, and 2015 fiscal years |
| Stage Stores, Inc. | State of Louisiana | State Franchise | Louisiana Department of Revenue<br>PO Box 91011<br>Baton Rouge, LA 70821-9011 | Franchise Taxes Receivable - State of Louisiana (Estimated) |

**Schedule B(ii)**

**Schedule of Retained Causes of Action Related to Insurance Contracts and Policies**

**Stage Stores**
**Retained Causes of Action - Insurance**

| Debtor | Description of Claim | Policy Coverage | Policy Number | Policy End Date |
|---|---|---|---|---|
| Specialty Retailers, Inc. | Storm damage at Store 251 (Wharton, TX) | - Zurich American Insurance Company: All-Risk Property - Primary<br><br>- Lloyd's of London (Various Syndicates): All-Risk Property - Primary | - Zurich American Insurance Company: #MLP0147494-02<br><br>- Lloyd's of London (Various Syndicates): PG2002306 | - Zurich American Insurance Company: 5/31/2021<br><br>- Lloyd's of London (Various Syndicates): 5/31/2021 |
| Specialty Retailers, Inc. | Storm damage at Store 111 (Midland, TX) | - Zurich American Insurance Company: All-Risk Property - Primary<br><br>- Lloyd's of London (Various Syndicates): All-Risk Property - Primary | - Zurich American Insurance Company: #MLP0147494-02<br><br>- Lloyd's of London (Various Syndicates): PG2002306 | - Zurich American Insurance Company: 5/31/2021<br><br>- Lloyd's of London (Various Syndicates): 5/31/2021 |
| Specialty Retailers, Inc. | Storm damage at Stores 19 (Conroe, TX), 120 (Port Arthur, TX) | - Zurich American Insurance Company: All-Risk Property - Primary<br><br>- Lloyd's of London (Various Syndicates): All-Risk Property - Primary | - Zurich American Insurance Company: #MLP0147494-02<br><br>- Lloyd's of London (Various Syndicates): PG2002306 | - Zurich American Insurance Company: 5/31/2021<br><br>- Lloyd's of London (Various Syndicates): 5/31/2021 |
| Specialty Retailers, Inc. | Fire, Smoke damage at Store 6081 (Wichita, KS) | - Zurich American Insurance Company: All-Risk Property - Primary<br><br>- Lloyd's of London (Various Syndicates): All-Risk Property - Primary | - Zurich American Insurance Company: #MLP0147494-02<br><br>- Lloyd's of London (Various Syndicates): PG2002306 | - Zurich American Insurance Company: 5/31/2021<br><br>- Lloyd's of London (Various Syndicates): 5/31/2021 |
| Specialty Retailers, Inc. | Storm damage at Store 69 (Beeville, TX) | - Zurich American Insurance Company: All-Risk Property - Primary<br><br>- Lloyd's of London (Various Syndicates): All-Risk Property - Primary | - Zurich American Insurance Company: #MLP0147494-02<br><br>- Lloyd's of London (Various Syndicates): PG2002306 | - Zurich American Insurance Company: 5/31/2021<br><br>- Lloyd's of London (Various Syndicates): 5/31/2021 |

**Schedule B(iii)**

**Schedule of Retained Causes of Action Related to Litigation**

**Stage Stores**
**Retained Causes of Action - Litigation**

| Debtor | Party names | Debtor Position | Caption of Suit | Case Number |
|---|---|---|---|---|
| Specialty Retailers, Inc. | Stumpf, Amy, et al. | Defendant | Amy Stumpf, et al., v. Specialty Retailers, Inc., et | 20-03303 |
| Specialty Retailers, Inc. | O'Neal, Kaisha | Defendant | Employment claim | N/A |
| Specialty Retailers, Inc. | Rucker, Spencer | Defendant | Employment claim | N/A |
| Specialty Retailers, Inc. | Harris, Iesiah | Defendant | Iesiah Harris, et al. v. Specialty Retailers, Inc., et al. | 6:20-cv-06205 |
| Specialty Retailers, Inc. | Hoskins, Lynn | Defendant | Lynn Hoskins v. Stage Stores, Inc. and Specialty Retailers, Inc. | 36D01-2007-CT-000048 |
| Specialty Retailers, Inc. | ADA Investigation of Palais Royal | Defendant | N/A | N/A |
| Specialty Retailers, Inc. | Al-Kassas , Gale | Defendant | Gale Al-Kassas v. Specialty Retailers, Inc., et al. | 2018-23300 |
| Specialty Retailers, Inc. | Barker, Amber | Defendant | EEO Charge | AKR73(40500)11222019;22A-2020-00596C |
| Specialty Retailers, Inc. | Barnes, Jacquelyn | Defendant | Jacquelyn Barnes v. Specialty Retailers, Inc., et al. | 201943051 |
| Specialty Retailers, Inc. | Brown, Calvin | Defendant | Calvin Brown v. Specialty Retailers, Inc., et al. | CV-2020- |
| Specialty Retailers, Inc. | Brown, Mary Inez | Defendant | Mary Inez Brown v. Specialty Retailers, Inc., et al. | 164018 |
| Specialty Retailers, Inc. | Cade, Akemia | Defendant | Akemia Cade v. Specialty Retailers, Inc., et al. | 19-0533 |
| Specialty Retailers, Inc. | Cagle, Lynne | Defendant | Lynne Cagle v. Specialty Retailers, Inc., et al. | 4040 |
| Specialty Retailers, Inc. | Claiborne, Vicki | Defendant | Vicki Claiborne v. Specialty Retailers, Inc., et al. | 3:19-CV-298-JRG-DCP |
| Specialty Retailers, Inc. | Copeland, Andrea | Defendant | EEO Charge | 450-2019-03429 |
| Specialty Retailers, Inc. | Crosby, Maya, et al. | Defendant | Maya Crosby, et al. v. Specialty Retailers, Inc., et al. | 3:18cv503 |
| Specialty Retailers, Inc. | CXT Systems | Defendant | CXT Systems, Inc. v. Specialty Retailers, Inc., et al. | 2:18-cv-00234 |
| Specialty Retailers, Inc. | Del Angel, Claudia | Defendant | Claudia Del Angel v. Specialty Retailers, Inc., et al. | 2018DCL05374-G |
| Specialty Retailers, Inc. | Del Castillo, Patricia | Defendant | Patricia Del Castillo v. Specialty Retailers, Inc., et al. | 2020DCV1195 |
| Specialty Retailers, Inc. | Dessert, Meralyse | Defendant | EEO Charge | 532-2019-02298 |
| Specialty Retailers, Inc. | Eckenrode, Christine | Defendant | EEO Charge | FE2020102043 |
| Specialty Retailers, Inc. | Eufracio, Joseph | Defendant | Joseph Eufracio v. Specialty Retailers, Inc., et al. | CL-17-2236-B |
| Specialty Retailers, Inc. | Falcon, Audrey | Defendant | Audrey Falcon v. Specialty Retailers, Inc., et al. | 134667 |
| Specialty Retailers, Inc. | Foster, Melinda | Defendant | Melinda Foster v. Specialty Retailers, Inc., et al. | 2017-2642 |
| Specialty Retailers, Inc. | GBR Properties, Inc. | Defendant | GBR Properties, Inc. v. Specialty Retailers, Inc., et al. | CJ-2020-01471 |
| Specialty Retailers, Inc. | GCCLE Shadow Creek, LP | Defendant | GCCLE Shadow Creek, LP v. Specialty Retailers, Inc., et al. | 2017-76210 |
| Specialty Retailers, Inc. | Goddard, Rebecca | Respondent | EEO Charge | 15-1061 |
| Specialty Retailers, Inc. | Goody's | Respondent | OSHA Inquiry | 1558079 |
| Specialty Retailers, Inc. | Goodys Store #5188 | Respondent | Work Authorization Audit | 046-0197-18/19 |
| Specialty Retailers, Inc. | Goodys Store #5190 | Respondent | Work Authorization Audit | 330275-15/16 |
| Specialty Retailers, Inc. | Goodys Store #5248 | Respondent | Work Authorization Audit | 049-0058-18/19 |
| Specialty Retailers, Inc. | Gracia Morales, Maria Oralia | Defendant | Maria Oralia Garcia Morales v. Specialty Retailers, Inc., et al. | 19-08-37696 |
| Specialty Retailers, Inc. | Green, Charlotte | Respondent | State Wage Claim | 20-052870-0 |
| Specialty Retailers, Inc. | Hollis, Charlotte | Defendant | Charlotte Hollis v. Specialty Retailers, Inc., et al. | 2018-40994 |
| Specialty Retailers, Inc. | Huffman, Joann | Respondent | EEO Charge | 474-2020-00640 |
| Specialty Retailers, Inc. | Kieser, Mike | Defendant | Mike Kieser v. Specialty Retailers, Inc., et al. | CV17-02392 |
| Specialty Retailers, Inc. | KNS International, LLC | Defendant | KNS Internatiopnal, LLC v. Specialty Retailers, Inc., et al. | 200901908 |
| Specialty Retailers, Inc. | Lalonde, Ingrid | Defendant | Ingrid Lalonde v. Specialty Retailers, Inc., et al. | C-20185648 I |
| Specialty Retailers, Inc. | Manorowitz, Suzann | Defendant | Suzann Manorowitz v. Specialty Retailers, Inc., et al. | BUR-L-1380-19 |
| Specialty Retailers, Inc. | Meili, Carmen | Defendant | Carmen Meili v. Specialty Retailers, Inc., et al. | 2019DCV3346 |
| Specialty Retailers, Inc. | Morvant, Brenda | Defendant | Brenda Morvant v. Specialty Retailers, Inc., et al. | 801-481 |
| Specialty Retailers, Inc. | Mosley, Brenda | Defendant | Brenda Mosley v. Specialty Retailers, Inc., et al. | 18-CI-00111 |
| Specialty Retailers, Inc. | MSRF, Inc. | Defendant | MSRF, Inc. v. Specialty Retailers, Inc., et al. | 2020L002530 |
| Specialty Retailers, Inc. | Navarro, Maria | Defendant | Maria Navarro v. Specialty Retailers, Inc., et al. | 18-DCV-257448 |
| Specialty Retailers, Inc. | Newman, Gilma | Defendant | Gilma Newman v. Specialty Retailers, Inc., et al. | D-205311 |
| Specialty Retailers, Inc. | Pebbles Store #5002 | Respondent | Work Authorization Audit | 045-0101-18/19 |
| Specialty Retailers, Inc. | Pebbles Store #5002 | Respondent | Work Authorization Audit | 330364-15/16 |
| Specialty Retailers, Inc. | Peebles Store #5103 | Respondent | Work Authorization Audit | 048-0039-17/18 |
| Specialty Retailers, Inc. | Peebles Store #5128 | Respondent | State Wage Claim | None |
| Specialty Retailers, Inc. | Peters, Caroline | Defendant | Caroline Peters v. Specialty Retailers, Inc., et al. | 2807 0F 2019 |
| Specialty Retailers, Inc. | Petrice,  Connie | Defendant | Connie Petrice v. Specialty Retailers, Inc., et al. | 18-C-119 |
| Specialty Retailers, Inc. | Pine Plaza, LLC | Defendant | Pine Plaza, LLC v. Specialty Retailers, Inc., et al. | 61406 |
| Specialty Retailers, Inc. | Qazi, Maleeha, et al. | Defendant | Maleeha Qazi v. Specialty Retailers, Inc., et al. | 4:18cv780 |
| Specialty Retailers, Inc. | Ramos Jr., Ricardo | Defendant | Ricardo Ramos, Jr. v. Specialty Retailers, Inc., et al. | 55:19-CV-0123AM |
| Specialty Retailers, Inc. | Rocha, Nieves | Defendant | Nieves Rocha v. Specialty Retailers, Inc., et al. | CL-18-5344-D |
| Specialty Retailers, Inc. | Roddy, Katesha | Respondent | EEO Charge | 493-2019-02142 |
| Specialty Retailers, Inc. | Romans, Loretta | Respondent | State Wage Claim | 20-053816-1 |
| Specialty Retailers, Inc. | Sharp, Kathryn | Defendant | Kathryn Sharp v. Specialty Retailers, Inc., et al. | 4:19cv1979 |
| Specialty Retailers, Inc. | Small, William | Respondent | EEO Charge | 460-2019-06425 |
| Specialty Retailers, Inc. | Southwest Specialty Food, Inc. | Defendant | Southwest Specialty Food, Inc. v. Specialty Retailers, Inc., et al. | CV2020-003558 |
| Specialty Retailers, Inc. | PowerReviews | Plaintiff | Specialty Retailers, Inc. v. PowerReviews, Inc. | 4:19cv2447 |
| Specialty Retailers, Inc. | Stanwyck, Marc | Respondent | EEO Charge | 450-2012-02833 |
| Specialty Retailers, Inc. | Stanwyck, Marc | Respondent | EEO Charge | 450-2014-00661 |
| Specialty Retailers, Inc. | Tamarack Village Shopping Center, A Limited Partnership | Defendant | Tamarack Village Shopping Center, a Limited Partnership, v. Specialty Retailers, Inc., et al. | N/A |
| Specialty Retailers, Inc. | TFI, Inc. | Defendant | TFI, Inc. v. Specialty Retailers, Inc., et al. | 202018584 |
| Specialty Retailers, Inc. | Trend Offset Printing Services, Inc. | Defendant | Trend Offset Printing Services, Inc. v. Specialty Retailers, Inc., et al. | 202025209 |
| Specialty Retailers, Inc. | Tromley, Jennifer | Defendant | Jennifer Tromley v. Specialty Retailers, Inc., et al. | 202014827 |
| Specialty Retailers, Inc. | Tupa, Carol | Defendant | Carol Tupa v. Specialty Retailers, Inc., et al. | 652-21 |
| Specialty Retailers, Inc. | Turner, Reece and Joyce | Defendant | Reece and Joyce Turner v. Specialty Retailers, Inc., et al. | 49745 |
| Specialty Retailers, Inc. | VanDyke, Pamela | Defendant | Pamela VanDyke v. Specialty Retailers, Inc., et al. | 4011 |
| Specialty Retailers, Inc. | Wade, Mikayla | Respondent | State Wage Claim | No Number |
| Specialty Retailers, Inc. | Western Glove Works | Defendant | Western Glove Works v. Specialty Retailers, Inc., et al. | 202022050 |

**Stage Stores**
**Retained Causes of Action - Litigation**

| Debtor | Party names | Debtor Position | Caption of Suit | Case Number |
|---|---|---|---|---|
| Specialty Retailers, Inc. | Whitehall, Donald | Respondent | EEO Charge | NEB 2-18/19-3-50299-RS |
| Specialty Retailers, Inc. | Whitmire, Jeanette | Defendant | Jeanette Whittier v. Specialty Retailers, Inc., et al. | 2020-CP-39-00036 |
| Specialty Retailers, Inc. | Wooten, Linda | Respondent | EEO Charge | 846-2015-12211 |
| Specialty Retailers, Inc. | Wright, Audrey | Defendant | Audrey Wright v. Specialty Retailers, Inc., et al. | 19-KV-0036-5 |

## **Exhibit C**

### **Identity and Terms of Compensation of the Plan Administrator**

The Debtors, the Committee, and the Prepetition Secured Agents, have designated Steven Balasiano as the Plan Administrator.  As of the date hereof, the proposed engagement terms are as follows:

- Fee Structure:  Mr. Balasiano's fees will be based on a flat monthly fee as follows:  $20,000 per month for the first three months and $15,000 per month thereafter.

- Expenses:  Mr. Balasiano will also be reimbursed for reasonable out-of-pocket expenses including, but not limited to, costs of travel, reproduction, legal counsel, any applicable state sales or excise taxes, and other direct expenses.

- Biography/Affiliations:  Mr. Balasiano currently is the Owner and Principal Consultant of MHR Advisory Group, an advisory firm that provides legal and business consulting services to multiple apparel, retail and manufacturing companies.  He was appointed as the Liquidating Trustee for the Rockport Shoe Company in December 2018, and represented multiple trade creditors in bankruptcy & workouts including, True Religion, Wet Seal, Payless, Nine West, Charming Charlie, Rue 21, Sears, National Stores, etc.  From 2011 to 2012 Mr. Balasiano was President of Comtex U.S. the New York Office of Comtextile HK, a global sourcing company, with 8 buying offices throughout Asia and South East Asia producing approximately $250 million of merchandise for numerous men's, women and children's brands in the industry including Polo, Abercrombie, Calvin Klein, Children's Place and Perry Ellis.  Mr. Balasiano was previously the President of Ventura Enterprise Company, an apparel manufacturer with multiple manufacturing facilities in Sri Lanka and over 10,000 employees.  Ventura manufactured product for numerous retailers and brands in the US including Abercrombie and Fitch, Marc Jacobs, Express, Liz Claiborne, Polo Kids, Gymboree, Ann Taylor, Land's End, and Eddie Bauer.  From 1995 to 2007,  Mr. Balasiano held various roles at The Children's Place, a children's specialty apparel retailer, including Chief Administrative Officer and General Counsel, with direct responsibility for store development, construction, non-merchandise strategic sourcing, architecture, and legal and human resources. He oversaw an $800 million budget. Under his leadership, the company grew from 70 stores and $80 million in sales in 1995 to over 1100 stores and $2.3 billion in sales in 2006 for The Children's Place and Disney Store.  From 1987 through 1995, Mr. Balasiano practiced law in the bankruptcy departments at the law firms of Stroock & Stroock & Lavan and Kelley Drye & Warren.  Mr. Balasiano received his Juris Doctorate from St. John's University School of Law and graduated with Honors from the State University of New York at Binghamton.  Mr. Balasiano serves on the board of multiple not-for-profit organizations and is a consultant to the financial and real estate industry.