IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| STAGE STORES, INC., *et al.*,[1] | ) Case No. 20-32564 (DRJ) |
| Debtors. | ) (Jointly Administered) |

**APPLICATION FOR ALLOWANCE OF
ADMINISTRATIVE EXPENSE CLAIM OF GALLERIA 2425 OWNER, LLC**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Galleria 2425 Owner, LLC ("Landlord"), the lessor of Debtors' headquarters at 2425 West Loop South, Houston, Texas, hereby files its *Application For Allowance of Administrative Expense Claim* and, in support thereof, respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Stage Stores, Inc. (6900) and Specialty Retailers, Inc. (1900). The Debtors' service address is: 2425 West Loop South, Houston, Texas 77027.

## I.    JURISDICTION AND VENUE

1. This Court has jurisdiction over these Chapter 11 cases pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Landlord confirms its consent, as may be necessary, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the U.S. Constitution.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408(a) and 1409.

3. The statutory predicates for the relief sought herein are Sections 365(d)(3) and 503(b) of Title 11 of the U.S. Code (the "Bankruptcy Code") and Rules 9013 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II.    FACTUAL BACKGROUND

4. Debtor Specialty Retailers, Inc., as tenant, and Landlord, as landlord, are parties to that certain Office Lease Agreement dated May 27, 2015, as subsequently amended (the "Lease") with respect to certain portions of the building located at 2425 West Loop South, Houston, Texas (the "Headquarters Premises"), utilized by Debtors as their corporate headquarters. Monthly rent and charges under the Lease are currently $477,868.25. The term of the Lease for the Headquarters Premises is not scheduled to expire until January 31, 2027.

5. On or May 10, 2020 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On May 11, 2020, this Court entered its order authorizing joint administration and procedural consolidation of these Chapter 11 cases [Docket No. 45]. No trustee or examiner has been

2

appointed and Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

6. On August 14, 2020 (the "Confirmation Date"), this Court entered its *Order Confirming Joint Second Amended Chapter 11 Plan of Stages Stores, Inc. and Specialty Retailers, Inc.* [Docket No. 705]. On July 1, 2020, this Court entered its *Order Approving (I) The Adequacy Of The Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots and Notices In Connection Therewith, and (IV) Certain Dates With Respect Thereto* [Docket No. 539].

7. *The Joint Second Amended Chapter 11 Plan of Stage Stores, Inc. and Specialty Retailers, Inc.* [Docket No. 688] (the "Plan") provides that the "Administrative Claims Bar Date" for filing Administrative Claims attributable to the period prior to the Confirmation Date is thirty (30) days after the Confirmation Date. Under Article I.C. of the Plan and Rule 9006(a) of the Federal Rules of Bankruptcy Procedure, because the thirtieth (30th) day after the Confirmation Date falls on Sunday, September 13, 2020, the Administrative Claims Bar Date is September 14, 2020.

### III.   RELIEF REQUESTED

8. Landlord requests that this Court enter its order granting its Application For Allowance of Administrative Expense Claim pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1) of the Bankruptcy Code in the amount of $48,823.01, representing overtime utilities and pest control charges incurred by Debtors with respect to the Headquarters Premises between the Petition Date and Confirmation Date.

### IV.     BASIS FOR RELIEF

9.      The Bankruptcy Code affords lessors of nonresidential real property specific protections with regard to post-petition, pre-rejection rent.  Section 365(d)(3) of the Bankruptcy Code provides, in pertinent part, as follows:

> The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) if this title.

"Payment of rent is clearly one such obligation."  *In re Compuadd Corp.*, 166 B.R. 862, 864 (Bankr. W.D. Tex. 1994) ("Therefore, under § 365(d)(3), the trustee [or debtor-in-possession] must make timely payment under such leases.  It is mandatory.")

10.     The plain language of Section 365(d)(3) and applicable case law requires Debtor's prompt payment of the pre-rejection obligations under the Lease.  Debtor is "mandated to timely comply with all obligations of the debtor with regard to any unexpired leases of non-residential real property until it is assumed or rejected regardless of what § 503 may require other claimants to do to establish an administrative claim."  *In re Compuadd Corp.*, *supra*, 166 B.R. at 864.  "The plain and unconditional language of the statute demands that a trustee promptly pay the full amount of rent due under a nonresidential real property lease during the 60-day [now 120-day] period pending assumption or rejection [of the lease]."  *Augusta Mall Partnership v. Twigland Fashions (In re Twigland Fashions, Inc.)*, 198 B.R. 199, 200 (W.D. Tex. 1996), citing *In re Pacific-Atlantic Trading Co.*, 27 F.3d 401, 404 (9th Cir. 1994); *In re Appletree Markets, Inc.*, 139 B.R. 417, 421 (Bankr. S.D. Tex. 1992) ("The plain language of the statute is clear.  Section 365(d)(3) provides for timely performance of all obligations of the debtor from and after the order for relief.").

11.     The legislative history of Bankruptcy Code section 365 suggests that its purpose of the 1984 Amendments to Section 365 was "to relieve the burden placed on nonresidential real

property lessors (or 'landlords') during the period between a tenant's bankruptcy petition and assumption or rejection of a lease." *Omni Partners, L.P. v. Pudgie's Development of NY, Inc. (In re Pudgie's Development of NY, Inc.)*, 239 B.R. 688, 692 (S.D.N.Y. 1999) (citing 130 Cong. Rec. S8894-95 (daily ed. June 29, 1994) (statement of Sen. Hatch); *accord*, *In re Appletree Markets, Inc.*, *supra*, 139 B.R. at 419-420 (discussing legislative history of 1984 amendments to Section 365); *see also In re Warehouse Club, Inc.*, 184 B.R. 316, 317 (Bankr. N.D. Ill. 1995) ("The purpose of § 365(d)(3) is to prevent landlords from becoming involuntary post-petition creditors of the bankruptcy estate.").

12. While some bankruptcy courts have held that, under Bankruptcy Code section 365(d)(3), "[n]o notice or hearing is required, the [lease] obligations are simply required to be met in a timely fashion," *In re C.Q., LLC*, 343 B.R. 915, 917 (Bankr. W.D. Wisc. 2005), other cases have held that, if post-petition rent is not timely paid, a landlord must assert an administrative expense claim under Bankruptcy Code section 503(b), without the necessity of showing the reasonable benefit standard under Section 503(b)(1)(A). *See, e.g., In re Amber's Stores, Inc.*, 193 B.R. 819, 825 (Bankr. N.D. Tex. 1996); *In re Midway Airlines Corp.*, 406 F.3d 229, 236 (4th Cir. 2005) (holding that "a [landlord] must still assert its administrative expense claim under § 503(b); it simply does not assert the claim under the specific provision of § 503(b)(1)(A).").

13. Debtor has been incurring overtime utility charges, including, without limitation, electrical and water charges, incurred with respect to the overtime (literally 24/7) operation of the chillers supporting Debtors' information technology equipment. This around-the-clock operation has resulted in increased maintenance of building systems. Landlord has billed such charges, at the rate of $16,228.33 per month, as "Operating Costs' under Section 3.03 of the Lease. The

5

$16,228.33 per month does not reflect the actual (higher) cost of providing these services but, rather, is limited to $35.00 per hour, as "capped" by the provisions of Section 4.08(a)(iii) of the Lease. See Exhibit A.

14. No payment has been received on account of these charges under Lease. Debtors claim to dispute such amount but have not tendered any payment, in any amount, on account of these charges since the Petition Date while receiving the benefit of these services.

15. Landlord is entitled to an administrative expense claim in the sum of $48,684.99, representing overtime utility charges billed, post-petition, for the months of June, July and August 2020.

16. Debtors are further liable to Landlord in the additional sum of $138.02 on account of pest control services rendered at the Headquarters Premises, at Debtors' request, on June 16, 2020. See Exhibit B.

### V.    RESERVATION OF RIGHTS

17. Landlord reserves its respective rights to assert further claims with respect to the Lease consistent with the Plan and any order rejecting the Lease, including, without limitation, any further administrative claims arising from Debtors' continued use and occupancy of the Headquarters Premises from and after the Confirmation Date, claims for physical damage to the Headquarters Premises resulting from Debtors' vacation of the Premises, and general unsecured claims following the prospective rejection of the Lease.

WHEREFORE, Landlord prays that this Court allow its administrative priority claim in the aggregate amount of $48,823.01, representing unpaid charges billed under the Lease between the Petition Date and Confirmation Date, and for such other and further relief as is fair, just and equitable.

Dated: September 14, 2020          Respectfully submitted,

**REED SMITH LLP**

By: */s/ Michael P. Cooley*
Michael P. Cooley (SBN 24034388)
Keith M. Aurzada (SBN 24009880)
REED SMITH LLP
2850 N. Harwood, Suite 1500
Dallas, Texas 75201
T: 469.680.4200
F: 469.680.4299
mpcooley@reedsmith.com
kaurzada@reedsmith.com

*and*

**BALLARD SPAHR LLP**
Leslie C. Heilman (admitted pro hac vice)
Laurel D. Roglen (admitted pro hac vice)
919 N. Market Street, 11th Floor
Wilmington, DE 19801
T: 302.252.4465
F: 302.252.4466
heilmanl@ballardspahr.com
roglenl@ballardspahr.com

*and*

**ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP**
Ivan M. Gold (*admitted pro hac vice*)
3 Embarcadero Center, 12th Floor
San Francisco, CA 94111-4074
T: 415.837.1515
F: 415.837-1516
igold@allenmatkins.com

*Counsel for Galleria 2425 Owner, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that, on September 14, 2020, a true and correct copy of the foregoing document and exhibits were served via the Court's Electronic Case Filing (ECF) system on all parties registered to receive electronic notices in this case, including:

| | |
|---|---|
| Local Counsel for the Debtors and Debtors in Possession<br>Jackson Walker LLP<br>Matthew D. Cavenaugh<br>Kristhy M. Peguero<br>Veronica A. Polnick<br>mcavenaugh@jw.com<br>kpeguero@jw.com<br>vpolnick@jw.com | Counsel for the Debtors and Debtors in Possession<br>Kirkland & Ellis LLP<br>Joshua A. Sussberg<br>Joshua M. Altman<br>Kevin S. McClelland<br>joshua.sussberg@kirkland.com<br>josh.altman@kirkland.com<br>kevin.mcclelland@kirkland.com |
| Co-Counsel for the Official Committee of Unsecured Creditors<br>Cooley LLP<br>Jay R. Indyke<br>Michael Klein<br>Evan Lazerowitz<br>Joseph W. Brown<br>jindyke@cooley.com<br>mklein@cooley.com<br>elazerowitz@cooley.com<br>jbrown@cooley.com | Co-Counsel for the Official Committee of Unsecured Creditors<br>Cole Schotz PC<br>Michael D. Warner<br>Seth Van Aalten<br>Justin R. Alberto<br>Sarah A. Carnes<br>mwarner@coleschotz.com<br>svanaalten@coleschotz.com<br>jalberto@coleschotz.com<br>scarnes@coleschotz.com |
| Counsel for the Prepetition Agents<br>Choate Hall & Stewart LLP<br>Kevin J. Simard<br>ksimard@choate.com | Counsel for the Prepetition Agents<br>Riemer Braunstein LLP<br>Steven E. Fox<br>SFox@riemerlaw.com |
| Office of the US Trustee for the Southern District of Texas<br>Hector Duran<br>Stephen Statham<br>Hector.Duran.Jr@usdoj.gov<br>Stephen.Statham@usdoj.gov | Counsel for the Prepetition Agents<br>Winstead PC<br>Sean B. Davis<br>sbdavis@winstead.com |

          */s/ Michael P. Cooley*
          Michael P. Cooley