**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| STAGE STORES, INC., *et al.*,[1] | ) | Case No. 20-32564 (CML) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**JACKSON WALKER LLP'S EMERGENCY MOTION FOR ENTRY OF AN ORDER
REQUIRING ANY PARTY-IN-INTEREST WHO ASSERTS STANDING OR
INDISPENSABLE PARTY STATUS TO FILE A NOTICE STATING A BASIS FOR
INDISPENSABLE PARTY STATUS OR STANDING IN CONNECTION WITH
JACKSON WALKER LLP FEE MATTERS**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS
> REQUESTED NOT LATER THAN JANUARY 12, 2024.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE
> THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU
> MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A
> WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS
> REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE
> COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT
> THE RELIEF REQUESTED.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Jackson Walker LLP ("JW") files this *Emergency Motion for Entry of an Order Requiring Any Party-in-Interest Who Asserts Standing or Indispensable Party Status to File a Notice Stating a Basis for Indispensable Party Status or Standing in Connection with Jackson Walker LLP Fee Matters* (the "Motion"), and in support thereof, states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Stage Stores, Inc. (6900) and Specialty Retailers, Inc. (1900).  The Debtors' service address is: 2425 West Loop South, Houston, Texas 77027.

## BACKGROUND

1.      On November 2, 2023, Kevin M. Epstein, the United States Trustee for Region 7 (the "U.S. Trustee") filed his *Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving Any Jackson Walker Applications for Compensation and Reimbursement of Expense* [Dkt. No. 1216] (the "Rule 60 Motion").  On the same day, the U.S. Trustee filed his *Motion for Withdrawal of the Reference and Referral of Motion for Relief under Rule 60(b)(6) and Related Matters* [Dkt. No. 1217] (the "Motion to Withdraw", and together with the Rule 60 Motion, the "U.S. Trustee Motions") requesting that the reference of the Rule 60 Motion be withdrawn pursuant to 28 U.S.C. § 157(d).

2.      The U.S. Trustee filed similar motions in sixteen (16) additional cases ("Affected Cases") requesting identical relief.  This Court oversees twelve of the sixteen Affected Cases.[2]

3.      On December 1, 2023, this Court held an initial status conference in *In re Katerra, Inc. et al.*, Case No. 21-31861 during which the parties discussed the Affected Cases, including the U.S. Trustee Motions.

4.      On December 7, 2023, Chief Judge Rodriguez initiated a miscellaneous proceeding styled *In re Professional Fee Matters Concerning the Jackson Walker Law Firm*, Misc. Proc. No. 23-00645 (the "Miscellaneous Proceeding").

---

[2] *See In re Mule Sky LLC, et al.*, Case No. 20-35561; *In re Whiting Petroleum Corporation, et al.*, Case No. 20-32021; *In re Westmoreland Coal Company, et al.*, Case No. 18-35672; *In re Tug Robert J. Bouchard Corporation*, Case No. 20-34758; *In re Sungard AS New Holdings, LLC, et al.*, Case No. 22-90018; *In re Stage Stores, Inc., et al.*, Case No. 20-32564; *In re Seadrill Limited*, Case No. 21-30427; *In re J. C. Penney Direct Marketing Services LLC*, Case No. 20-20184; *In re Covia Holdings Corporation, et al.*, Case No. 20-33295; *In re Chesapeake Energy Corporation, et al.*, Case No. 20-33233; *In re Basic Energy Services, Inc.*, Case No. 21-90002; *In re Katerra, Inc. et al.*, Case No. 21-31861.

JW has filed a motion similar to this Motion in each of the twelve cases.

5.       On December 9, 2023, Chief Judge Rodriguez entered an *Order Commencing Miscellaneous Proceeding Regarding Employment Orders and Awarded Fees and Expenses to Jackson Walker in Affected Cases* [Misc. Proc. No. 23-00645, Dkt. No. 2] (the "<u>Miscellaneous Procedural Order</u>") in the Miscellaneous Proceeding.

6.       The Miscellaneous Procedural Order provides that:

- All future documents and pleadings concerning discovery and pretrial matters regarding the Motion for Withdrawal of the Reference and the Motion for Relief from Final Judgment in any of the Affected Cases must be filed in Miscellaneous Proceeding 23-00645. ¶ 1.

- The Presiding Judge retains all other matters that are pending in each Affected Case. ¶ 2.

- At the conclusion of all discovery and pre-trial matters in Miscellaneous Proceeding No. 23-00645, as determined by Chief Judge Rodriguez, the Presiding Judge will issue a further case management order. ¶ 3.

7.       This Court entered a *Case Management Order* relating to the U.S. Trustee Motions on December 11, 2023 [Dkt. No. 1221], which similarly provided that Chief Judge Rodriguez would preside over "[a]ll future documents and pleadings concerning discovery and pretrial matters" regarding the U.S. Trustee Motions in the Miscellaneous Proceeding. *See* Case Management Order, ¶ 2.[3]

8.       On December 12, 2023, Judge Isgur, who presides over four of the sixteen Affected Cases, conducted a status conference (the "<u>Status Conference</u>"), where JW, the U.S. Trustee, and certain other parties discussed with Judge Isgur various procedural and substantive issues relating to both the U.S. Trustee Motions and related pleadings filed in the Affected Cases that seek similar relief.

---

[3] The Court entered a similar case management order in each of the twelve cases.

9.     At the Status Conference, Judge Isgur inquired as to who may or may not be an indispensable party and who may or may not have standing in the Affected Cases pending before him, in respect to the relief sought in respect of JW.  At the conclusion of the Status Conference, Judge Isgur "asked the parties to identify any indispensable parties that must be joined in the proceeding to enable the Court to grant effective relief," and required that any "[p]otential parties must respond by 01/10/2024 at 5:00 PM" with a hearing to be held on January 16, 2024 at 4:00 pm.  *See* December 13, 2023 Courtroom Minutes.  Shortly thereafter, on December 20, 2023, Judge Isgur entered his *Order Requiring Any Party-in-Interest Who Asserts Standing or Indispensable Party Status to File a Notice Stating a Basis for Indispensable Party Status or Standing in Connection with Jackson Walker LLP Fee Matters* (the "Order Requiring Notice") in each of his four Affected Cases.[4]

10.     On December 21, 2023, Chief Judge Rodriguez held a status conference in the Miscellaneous Proceeding where he asked JW and the US Trustee, among other things, to "identify any indispensable parties that must be joined in [the] Miscellaneous Proceeding to enable the Court to grant effective relief."  *See Order Setting Non-Evidentiary Electronic Status Conference* [Misc. Proc. No. 23-00645, Dkt. No. 20].

11.     At this status conference, Chief Judge Rodriguez acknowledged the same indispensable party and standing issues raised by Judge Isgur, and stated "we should hold off on opening discovery until all these issues have been resolved."  *See* Misc. Proc. No. 23-00645 (EVR), Dkt. No. 45, Dec. 21 Hr'g Tr. at 18:16-20; *see also* Dec. 21 Hr'g Tr. at 20:5-7 ("I'm hesitant to issue a Scheduling Order, you know, with specific deadlines if all the parties are not currently

---

[4] Case No. 22-50009 [Dkt. No. 582]; Case No. 20-32519 [Dkt. No. 3202]; Case No. 21-90054 [Dkt. No. 1521]; Case No. 20-35740 [Dkt. No. 853].

before the Court."); Dec. 21 Hr'g Tr. at 29:20-24 ("Yeah, I'm really concerned about [the standing and indispensable party issues].  I really am. I want to make sure we have everybody here that should be here in dealing with these issues.  I don't want anybody to have to deal with this a second time or have anybody left out.").

12.     Judge Rodriguez also expressed his view that these substantive indispensable party and standing issues should be addressed by the underlying presiding Judge in each of the Affected Cases.  Dec. 21 Hr'g Tr. at 35:10-15 ("Right.  And as I stated before, that decision will be made by the independent -- by the presiding judge and whether they should participate or not and pleadings could be filed in that case and that could be made by that presiding judge, and of course, everyone would have an opportunity to object and participate in that hearing.").

13.     JW thus files this Motion to seek substantially similar relief as that already ordered by Judge Isgur in the Affected Cases pending before him, and as suggested by Judge Rodriguez at the December 21st status conference held in the Miscellaneous Proceeding, to ensure that all appropriate parties are identified now.

## **BASIS FOR RELIEF**

14.     Section 105(a) of the Bankruptcy Code provides that the court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 105(a) allows the bankruptcy court to "craft flexible remedies that, while not expressly authorized by the [Bankruptcy] Code, effect the result the [Bankruptcy] Code was designed to obtain."[5]

---

[5] *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 235-36 (3d Cir. 2004) (citing *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003)).

15.     Standing is a threshold issue that must be determined before a decision on the merits can be reached in the Affected Cases.[6]   Standing includes both constitutional and prudential components.   Further, under section 1109(b) of the Bankruptcy Code, only a "party in interest" has standing to raise, appear, and be heard on issues in a bankruptcy case.[7]

16.     To have constitutional standing to proceed with an action, a plaintiff must meet three elements:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly trace[able] to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision.[8]

Each of the three elements must exist for a party to establish constitutional standing.[9]

17.     Establishing constitutional standing is not enough on its own, however, as a plaintiff must also have prudential standing.[10]   Prudential standing "encompasses the general prohibition on a litigant's raising another person's legal rights."[11]   In other words, "a plaintiff generally must assert his own legal right and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.[12]

---

[6] *See Audler v. CBC Innovis Inc.*, 519 F.3d 239, 247-48 (5th Cir. 2008) ("Because standing is a jurisdictional requirement, we must address it before considering the merits of an appellant's claim."); *see also Williams v. Parker*, 843 F.3d 617, 620 (5th Cir. 2016).

[7] *See* 11 U.S.C. § 1109(b).

[8] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations and citations omitted); *see also Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013).

[9] *Williams*, 843 F.3d at 621.

[10] *Cibolo Waste, Inc.*, 718 F.3d at 474.

[11] *Id.*; *see also St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir. 2009).

[12] *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (quoting *United States v. Johnson*, 632 F.3d 912, 919-20 (5th Cir. 2011)).

18.     Lastly, in bankruptcy cases, pursuant to section 1109(b) of the Bankruptcy Code, a plaintiff has standing only if he or she is a "party in interest."[13]  While "party in interest" is not defined in the Bankruptcy Code, courts have held that it generally means "anyone who has a legally protected interest that could be affected by the bankruptcy case."[14]  "But standing as a creditor requires more than identity; it also requires interest . . . that is particular and direct to that creditor."[15]

19.     As emphasized by Judge Isgur and Chief Judge Rodriquez, establishing who qualifies as an indispensable party or who otherwise has standing to challenge any JW fees in the Affected Cases are critical, threshold issues that must be determined before the Court can address the merits of the Affected Cases.  The identification of parties asserting standing or indispensable party status is also crucial for ensuring due process and a fair and effective resolution for all parties.

**<u>EMERGENCY CONSIDERATION</u>**

20.     JW requests emergency consideration of this Motion in accordance with Bankruptcy Local Rule 9013-1(i).  JW submits that an emergency exists because four of the Affected Cases are proceeding on a more expedited timeline, with a hearing on standing and indispensable party status currently set for January 16, 2024.  The Miscellaneous Proceeding is also proceeding quickly, with an interim non-evidentiary status conference set for January 29, 2024, and Chief Judge Rodriguez has expressed a desire to have "everybody here that should be here in dealing with these issues" prior to entry of a Scheduling Order in the Miscellaneous

---

[13] *See* 11 U.S.C. § 1109.

[14] *Matter of Xenon Anesthesia of Tex. , P.L.L.C.*, 698 F. App'x 793, 794 (5th Cir. 2017); *see In re Megrelis*, No. 13-35704-H3-7, 2014 WL 4558927, at *2 (Bankr. S.D. Tex. Sept. 12, 2014).

[15] *In re Friede Goldman Halter Inc.*, 600 B.R. 526, 531-32 (Bankr. S.D. Miss. 2019) (citing *In re E.S. Bankest, L.C.*, 321 B.R. at 595 (noting that "[t]he Bankruptcy Code is replete with examples where a creditor may not have standing to object," including to portions of a chapter 11 plan that do not affect the creditor's direct interests).

Proceeding commencing discovery and setting related procedural deadlines. *See* Dec. 21 Hr'g Tr. at 20:5-7 and Dec. 21 Hr'g Tr. at 29:20-24. JW submits that the Court's consideration of this Motion by January 12, 2024 would allow the Clerk, JW, and the U.S. Trustee to complete their service obligations as set forth in the proposed order during the week of January 15, which would allow the parties to whom the proposed order is directed sufficient time (at least twenty-one days) to file a notice, if any, prior to the dates set forth in the proposed order attached hereto.

## <u>CONCLUSION</u>

For the foregoing reasons, JW respectfully requests that this Court enter an order, substantially in the form attached hereto, granting the relief requested and granting JW such other and further relief as may be just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: January 3, 2024

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Jason L. Boland*
Jason L. Boland (SBT 24040542)
William R. Greendyke (SBT 08390450)
Julie Harrison (SBT 24092434)
1301 McKinney Street, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
Email: jason.boland@nortonrosefulbright.com
Email: william.greendyke@nortonrosefulbright.com
Email: julie.harrison@nortonrosefulbright.com

*Counsel for Jackson Walker LLP*

## CERTIFICATE OF ACCURACY

I hereby certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.

*/s/ Jason L. Boland*
Jason L. Boland

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Jason L. Boland*
Jason L. Boland