IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>**STAGE STORES, INC., ET AL.**[1]<br><br>**DEBTORS** | Chapter 11<br><br>Case No. 20-32564<br><br>Jointly Administered |

**UNITED STATES TRUSTEE'S OBJECTION TO JACKSON WALKER LLP'S EMERGENCY MOTION FOR ENTRY OF AN ORDER REQUIRING ANY PARTY-IN-INTEREST WHO ASSERTS STANDING OR INDISPENSABLE PARTY STATUS TO FILE A NOTICE STATING A BASIS FOR INDISPENSABLE PARTY STATUS OR STANDING IN CONNECTION WITH JACKSON WALKER LLP FEE MATTERS**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE

Kevin Epstein, United States Trustee for Region 7 ("U.S. Trustee"), files this objection to *Jackson Walker LLP's Emergency Motion for Entry of an Order Requiring any Party-in-Interest who Asserts Standing or Indispensable Party Status to File a Notice Stating a Basis for Indispensable Party Status or Standing in Connection with Jackson Walker LLP Fee Matters* [ECF No. 1222] ("Indispensable Party Motion") and respectfully states as follows:

### I.   PRELIMINARY STATEMENT

1.     The Court should deny the Indispensable Party Motion. First, the parties agree that there are no Rule 19 required (indispensable) parties to the *U.S. Trustee's Motion for Relief From Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving Any Jackson Walker Application for Compensation and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Stage Stores, Inc. (6900) and Specialty Retailers, Inc. (1900). The Debtors' service address is: 2425 West Loop South, Houston, Texas 77027.

*Reimbursement of Expenses* ("Rule 60(b)(6) Motions")[2] because the Court can award complete relief between Jackson Walker LLP ("Jackson Walker") and the U.S. Trustee on the Rule 60(b)(6) Motions.[3] Rather, the Indispensable Party Motion is an attempt to limit parties rights to object to Jackson Walker's fee applications or claim any other right of recovery afforded to them under bankruptcy and other applicable law. To be clear, the U.S. Trustee welcomes broad stakeholder participation in these serious matters, and he does not seek to limit the ability of any party in interest to join his Rule 60(b)(6) Motions or restrict their ability to vindicate their interests arising from matters related to Jackson Walker's alleged misconduct as debtor's counsel.

2. However, to the extent the Court enters an order requiring parties to act in these proceedings so as not to lose their rights to seek relief going forward, the Court should *not* enter the proposed order (the "Proposed Order") attached to the Indispensable Party Motion because it is ambiguous and vague. Specifically, the Rule 60(b)(6) Motions are the only live pleadings pending before this Court and parties in interest will likely be confused as to what rights will be cut off if they do not comply. The U.S. Trustee requests that the Court clarify that the order requiring parties to assert their standing is limited to their right to participate in the Rule 60(b)(6) Motions and nothing more.

---

[2] Twelve Rule 60(b)(6) Motions are pending before this Court: *In re Mule Sky LLC, et al.*, Case No. 20-35561; *In re Whiting Petroleum Corporation, et al.*, Case No. 20-32021; *In re Westmoreland Coal Company, et al.*, Case No. 18 35672; *In re Tug Robert J. Bouchard Corporation*, Case No. 20-34758; *In re Sungard AS New Holdings, LLC, et al.*, Case No. 22-90018; *In re Stage Stores, Inc., et al.*, Case No. 20-32564; *In re Seadrill Limited*, Case No. 21-30427; *In re J. C. Penney Direct Marketing Services LLC,* Case No. 20-20184; *In re Covia Holdings Corporation, et al.*, Case No. 20-33295; *In re Chesapeake Energy Corporation, et al.*, Case No. 20-33233; *In re Basic Energy Services, Inc.*, Case No. 21-90002; *In re Katerra, Inc. et al.,* Case No. 21-31861. (the "Affected Cases").

[3] *See In re Neiman Marcus Group Ltd LLC, et al.*, Case No. 20-32519 ECF No. 3208 at ¶¶ 6–12; *In re Seadrill Partners LLC, et al.*, Case No. 20-35740, ECF No. 858 at ¶¶ 6–12; *In re Strike, LLC, et al.*, Case No. 2190054, ECF No. 1525 at ¶¶ 6–12.

## II.     STATEMENT OF RELEVANT FACTS

3.     On November 2 and 3, 2023, the U.S. Trustee filed identical Rule 60(b)(6) Motions in the Affected Cases to vacate all interim and final orders awarding fees to Jackson Walker based on the undisclosed relationship between its former partner, Elizabeth Freeman, and former Judge David Jones alleging that the awards violated Fed. R. Bankr. P. 5004, which disqualified Judge Jones from approving fees when he should have recused based on the intimate household relationship he shared with Ms. Freeman.  The U.S. Trustee also filed motions to withdraw the reference of the Rule 60(b)(6) Motions.  On December 1, 2023, the Court conducted an initial status conference in *In re Katerra, Inc. et al.*, Case No. 21-31861. The Rule 60(b)(6) Motions are now consolidated for discovery and pre-trial purposes in a miscellaneous proceeding,[4] and the motions to withdraw the reference are now pending before the District Court.[5]

## III.     LAW AND ARGUMENT

**A.     An Order Vacating a Judgment Under Rule 60(b) Simply Returns the Parties to the Status Quo Ante as if the Order or Judgment Had Never Been Entered.**

4.     Federal Rule of Civil Procedure 60(b) "creates a limited authority for trial courts to vacate or set aside their prior final judgments. When properly invoked, it allows for further or different legal proceedings that otherwise would be barred by the preclusion doctrines. For example, a losing plaintiff might invoke Rule 60(b) to set aside a final judgment to permit new or further legal proceedings on the merits." Steven S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 60, Westlaw (database updated Feb. 2023).  In other words, when a Rule 60(b) motion is granted, the parties are returned to the status quo ante as if the final order or judgment had never been entered. *See United States v. Amodeo*, 916 F.3d 967, 972 (11th Cir.

---

[4] *In re Professional Fee Matters Concerning the Jackson Walker Law Firm*, Misc. No. 23-645 (Bankr. S.D. Tex.).

[5] *In re Professional Fee Matters Concerning the Jackson Walker Law Firm*, Misc. No. 4:23-cv-04787 (S.D. Tex.).

2019) ("When an order is vacated, 'the rights of the parties are left as though no such judgment had ever been entered.'") (internal citations omitted); *Wynne v. Rochelle*, 385 F.2d 789, 796 (5th Cir. 1967) ("When an order is set aside as improvidently granted, the prior status of the case is restored and the situation is the same as though the order or judgment had never been entered."). *See also* 47 Am. Jur. 2d Judgments § 676 ("When a judgment has been rendered and later set aside or vacated, the matter stands precisely as if there had been no judgment. The vacated judgment lacks force or effect and places the parties in the position they occupied before entry of the judgment, with the underlying case and the original pleadings intact. The court is then free to enter its second judgment.").

5.  Bankruptcy courts apply these principles when they vacate orders under Bankruptcy Rule 9024, which incorporates Rule 60(b) with limited exceptions not relevant here. After vacating orders under Bankruptcy Rule 9024, bankruptcy courts hold further hearings on the substantive relief in the underlying proceeding. *See, e.g.*, *In re Santoli*, 627 B.R. 595, 602 (Bankr. S.D.N.Y. 2021) (ordering the creditor and debtor to meet and confer to set a date for a merits' hearing on a claim disallowance after granting the creditor's request to vacate the claim disallowance order); *Moore v. Lalone (In re Moore)*, 532 B.R. 614, 637 (Bankr. W.D. Pa. 2015) ("vacating the Dismissal Order and scheduling an evidentiary hearing"); *In re Stahl, Asano, Shigetomi Assocs.*, 36 B.R. 179, 184 (Bankr. D. Haw. 1983) (granting debtors' motion to set aside fee award to their former attorney and reopening case for the "sole purpose of rehearing the matter of [the attorney's] fees").

6.  As a result, if the Court grants the Rule 60(b)(6) Motions, the Court would set a hearing on Jackson Walker's final applications for compensation to determine what, if anything, Jackson Walker should be paid for its work as debtors' counsel in the Affected Cases. Vacating

the fee orders dictates neither the result on those applications nor who would receive any funds ultimately returned by Jackson Walker. Those issues would be adjudicated in a proceeding to approve the final fee applications (the proper award, if any) and thereafter only if there were uncertainty about who would receive the funds.

**B.     There Are No Required ("Indispensable") Parties to the U.S. Trustee's Rule 60(b)(6) Motions.**

7.     Rule 19 of the Federal Rules of Civil Procedure governs who may be "required" parties in civil actions. The 2007 restyling amendments, which substituted the word "required" for "indispensable," provides that:

(1)     *Required Party*. A person . . . must be joined as a party if

   (A) in that person's absence, the court cannot accord complete relief among existing parties; or

   (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

      (i) as a practical matter impair or impede the person's ability to protect the interest; or

      (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

8.     Fed. R. Civ. P. 19; *see also* Fed. R. Bankr. P. 7019 (incorporating Rule 19 in adversary proceedings). Rule 19 does not apply in contested matters unless the court "direct[s] that one or more of the other rules in Part VII shall apply." Fed. R. Bankr. P. 9014(c). "[T]here is no mandatory joinder rule in contested matters." *In re Mutual Benefits Offshore Fund, Ltd.*, 508 B.R. 762, 771 (Bankr. S.D. Fla. 2014); *see also Subway Equip. Leasing Corp. v. Sims (In re Sims)*, 994 F.2d 210, 220 (5th Cir. 1993) (Rule 7019 does not apply to contested matters under Rule 1018 unless the court so directs). But if Rule 7019 will be applied, the Court "shall give the parties

notice of any order issued under this paragraph to afford them a reasonable opportunity to comply with the procedures prescribed by the order." Fed. R. Bankr. P. 9014(c).

9.  There are two steps to the Rule 19 analysis. *Mutual Benefits*, 508 B.R. at 771. First, the Court must determine if a party is required either because the Court cannot afford complete relief without it or because the party's absence risks its ability to protect its own interests or exposes an existing party to multiple or inconsistent obligations. *Id.* "To be a necessary and indispensable party, that party must have interests that they are unable to protect if the case goes forward without them. Some interest and some adverse effect is insufficient." *Bates v. Laminack*, 938 F. Supp. 2d 649, 661 (S.D. Tex. 2013) (internal citations omitted). But "a party is not indispensable based on allegations which are insufficient and purely speculative." *Mutual Benefits*, 508 B.R. at 771; *accord P.R. Asphalt, LLC v. Banco Popular de P.R. (In re Betteroads Asphalt, LLC)*, 17-04156, 2020 WL 7048697, at *13 (D.P.R. Nov. 30, 2020) (finding that a party claiming to be indispensable was neither indispensable under Rule 19, had the Rule even applied, nor a person aggrieved for appellate standing because the party's "allegations are speculative at best as the adverse effects they alleged to be subject to are yet to materialize . . .").[6] And the party alleging that it or another party is indispensable bears the burden of proof. *Mutual Benefits*, 508 B.R. at 771. Second, if the Court determines an absent party is a required one but their joinder is not feasible, the Court must then determine if the proper remedy is to proceed anyway, in equity or good conscience, or to dismiss the case, considering the illustrative factors listed in the Rule and any others the Court may deem relevant. Fed. R. Civ. P. 19(b).

---

[6] The appellant allegedly received significant fraudulent transfers from the debtor just before an involuntary petition was filed, and because appellant's conduct as a transferee was an issue in the hearing on the involuntary petition, it unsuccessfully alleged it was a required party because it could be subject to future fraudulent transfer litigation. Both the bankruptcy court and the district court on appeal found against the appellant.

10. The U.S. Trustee's Rule 60(b)(6) Motions make only two requests for relief—(i) vacatur of all orders approving Jackson Walker's fees and expenses and (ii) setting a timeline for all parties in interest to object to Jackson Walker's final fee applications. Analyzing these narrow requests under Rule 19's two-part test establishes there are no missing required parties. First, the Court can afford complete relief on the U.S. Trustee's two requests by vacating the fee orders and setting Jackson Walker's final applications for compensation for new hearings without joining any parties beyond the U.S. Trustee and Jackson Walker. There *is* no further relief that the U.S. Trustee seeks in his Rule 60(b)6) Motions.

11. Second, neither request, if granted, would leave a party in interest unable to protect its interests going forward. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). If the U.S. Trustee succeeds on his Rule 60(b)(6) Motions, orders vacating the fee awards will be entered against Jackson Walker only and no one else. In other words, vacating the fee award orders negatively affects only the financial interests of Jackson Walker. All other parties' rights to object to Jackson Walker's fees are preserved by the U.S. Trustee's request that all parties in interest have 120 days from any vacatur to object to Jackson Walker's final fee applications—a more generous notice of the objection deadline and hearing on the fee applications than the 21 days required by the Bankruptcy Rules. *See* Fed. R. Bankr. P. 2002(a)(6). Thus, there is no risk that any parties—other than Jackson Walker—will be adversely affected by an order of vacatur because all parties in interest will have an opportunity to appear and be heard on Jackson Walker's final fee applications. Nor would Jackson Walker or anyone else be at substantial risk of "double, multiple or otherwise inconsistent obligations" if the Court vacates the fee award orders. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). Again, the only relief that will be entered will be orders vacating the fee awards and setting the applications for hearing at a future date. That is no different a situation than the one the firm

confronted before orders were entered on the firm's final fee applications. There will be only *one hearing* and *one order* on Jackson Walker's final application for compensation, notwithstanding how many objections are filed or the basis for them, even if the objections differ.

12. Consistent with this analysis, the U.S. Trustee has not identified a single bankruptcy case where parties seeking vacatur of a fee award had to join other parties in interest as "indispensable parties." *See, e.g.*, *In re Aquatic Pools, Inc.*, No. 15-11406 T11, 2018 WL 3013277, at *1 (Bankr. D.N.M. June 14, 2018) (decision did not mention any "required" parties when reorganized debtor sought to vacate attorney's fee award); *In re U.S.A. Dawgs, Inc.*, No. 18-10453, 2022 WL 6795026, at *1 (Bankr. D. Nev. Oct. 7, 2022) (listing only the U.S. Trustee, the debtor, and the movant as parties to the Rule 60 contested matter).[7]

13. Because there are no other required parties under Rule 19's standards, the Court need not move to the second step—the balancing test on whether to proceed or to dismiss. *In re Mutual Benefits*, 508 B.R. at 771-72. ("'If the answer to this first question is no,' it is unnecessary to reach the second question . . . .") (quoting *U.S. v. Rigel Ships Agencies, Inc.,* 432 F.2d 1282, 1291 (11th Cir. 2005)). Nevertheless, even if the Court were to determine that Rule 19 should apply and that there are absent required parties who cannot be joined, the matter should proceed as presently constituted: "[N]onjoinder even of a required person does not always result in dismissal." *Republic of Phil. v. Pimentel*, 128 S. Ct. 2180, 2188 (2008). As the Supreme Court has explained, required parties are not necessarily required after all:

> The word "indispensable" had an unforgiving connotation that did not fit easily with a system that permits actions to proceed even when some persons who otherwise should be parties to the action cannot be joined. As the Court noted in *Provident Bank*, the use of "indispensable" in Rule 19 created the "verbal anomaly" of an "indispensable person who turns out to be dispensable after all." . . . Though

---

[7] Even cases with reorganized debtors—who might receive a refund of legal fees they paid to Jackson Walker—would not make those reorganized debtors an indispensable party. There would be zero negative affect on their interests if Jackson Walker must pay them money.

the text has changed, the new Rule 19 has the same design and, to some extent, the same tension. Required persons may turn out not to be required for the action to proceed after all.

*Id.* at 2188–89 (quoting *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 88 S. Ct. 733, 742 n.12 (1968)).[8]

14.     Finally, Jackson Walker has agreed that it "does not believe there are any necessary or indispensable parties missing from this proceeding."[9]

C.  **All Parties in Interest Will Have Standing Under Both Section 1109(b) and the Constitution to Object to Jackson Walker's Final Fee Applications.**

15.     In the *4E Brands* case, Jackson Walker relied on *In re SunEdison, Inc.*, No. 16-10992, 2019 WL 2572250 (Bankr. S.D.N.Y. June 21, 2019), to contend that a creditor does not have standing "post-confirmation to challenge employment or fee orders." [Case No. 22-50009, ECF No. 590, p. 8.] Not only is that an incorrect reading of *SunEdison*, it is also irrelevant to the U.S. Trustee's Rule 60(b)(6) Motions. *SunEdison* is also factually and legally different than this case and neither controlling nor persuasive.

16.     First, the U.S. Trustee with his broad watchdog authority and standing under 11 U.S.C. § 307 and 28 U.S.C. § 586, is moving to vacate the fee orders. *See id.* at *3 (finding that creditor Mar-Bow did not have standing post-confirmation to seek vacatur of fee orders but the issue of investigating McKinsey's nondisclosures should be left to the Department of Justice). Thus, *SunEdison* addressed only whether a creditor has standing post-confirmation to seek vacatur of fee orders; it neither presented nor discussed whether the U.S. Trustee may do so. Second, who

---

[8] In *4E Brands*, the Maestas parties have independently sought sanctions and disgorgement against Jackson Walker for the same alleged misconduct but under different legal theories than the U.S. Trustee. That does not make them a required party to the Rule 60(b)(6) Motions where the U.S. Trustee seeks only to vacate the fee award orders so that a final hearing can be held on the fee applications. Nevertheless, as explained [*supra* ¶ 1] the U.S. Trustee welcomes broad participation in the matters related to Jackson Walker's conduct and suggests that some coordination of discovery and other procedural matters could provide consistency and efficiency.

[9] *See In re Neiman Marcus Group Ltd LLC, et al.*, Case No. 20-32519, ECF No. 3208 at ¶ 6.

may be required or indispensable parties under Rule 19 was neither presented nor discussed in *SunEdison*. Third, *SunEdison* was wrongly decided. Section 1109(b), as discussed more fully below, confers broad standing on parties in interest, including the ability to object to professional compensation. And a party in interest does not lose that standing simply because a final hearing on an application for compensation will be heard post-confirmation for pre-confirmation work— a common occurrence—and because there will be no financial benefit to the party from objecting. But that seems to be the predicate of the court's analysis in *SunEdison* that it then deemed dispositive on the creditor's right to seek vacatur. In any event, no one disputes the U.S. Trustee's standing to seek vacatur, rendering *SunEdison* irrelevant here.

17. To the extent Jackson Walker contends no creditors have standing to participate in the U.S. Trustee's Rule 60(b)(6) Motions, the U.S. Trustee disagrees. Bankruptcy is different than traditional two-sided litigation and implicates a multiplicity of interests. But it would be inconsistent to suggest that there are creditors who might be required parties because of the speculative risk Jackson Walker could be subject to inconsistent obligations in their absence while simultaneously suggesting those same parties do not have standing to seek relief. That would make *SunEdison* a shield from liability by preventing parties in interest from objecting to Jackson Walker's final fee applications at a future date while perhaps using it as a sword to prevent the U.S. Trustee from pursuing the Rule 60(b)(6) Motions.

18. In any event, even if standing questions were to arise, the Court need not address them now. They are premature and any opinion addressing them would be advisory. Once the Court vacates the fee award orders and sets the final fee applications for hearing, parties other than the U.S. Trustee may choose to object to Jackson Walker's final applications for fees and expenses. And they will have standing to do so because section 1109(b) confers broad standing on any party

in interest for any issue: "A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter. 11 U.S.C. § 1109(b). That list is illustrative, not exhaustive, because under the Code, the words "'includes' and 'including' are not limiting." 11 U.S.C. § 102(3).

19. In the case of *In re Farley, Inc.*, 156 B.R. 203, 207 (Bankr. N.D. Ill. 1993), a law firm argued that the PBGC, guarantor of the debtor's pension plans, did not have standing to object to its fee application. The court correctly relied on section 1109(b), as well as the Seventh Circuit's interpretation of it, to rule that bankruptcy standing is broad and clearly conferred the ability to object to the fees by the PBGC:

> [A]ll [§ 1109(b)] means is that anyone who has a legally protected interest that could be affected by a bankruptcy proceeding is entitled to assert that interest with respect to any issue to which it pertains, thus making explicit what is implicit in an in rem proceeding—that everyone with a claim to the res has a right to be heard before the res is disposed of since that disposition will extinguish all claims.

*Id.* (quoting *In re James Wilson Assocs.*, 965 F.2d 160, 169 (7th Cir. 1992)) (The debtor's contingent liabilities to the PBGC, should the debtor ultimately terminate its pension plans, "demonstrates that it [the PBGC] has an interest that could be affected indirectly by the allowance or disallowance of Kaye Scholer's fee application."); *see also Pennsylvania v. Cunningham & Chernicoff, P.C.( In re Pannebaker Custom Cabinet Corp.*), 198 B.R. 453, 459 (Bankr. M.D. Pa. 1996) (priority creditor and administrative claimant had standing to object to professional's fee application.).[10]

---

[10] Even if no one objected to the final Jackson Walker fee applications—and even if some reorganized debtors who might benefit from a reduction in amounts awarded did not object— bankruptcy courts have an independent obligation to review applications for compensation to ensure compliance with the statutory standards. *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 841 (3d Cir.1994) ("Beyond possessing the power, we think the bankruptcy court has a duty to review fee applications, notwithstanding the absence of objections by the United States trustee ("UST"), creditors,

20. In addition to the broad standing of parties in interest under section 1109(b) of the Bankruptcy Code, those same parties have constitutional standing to object to the fee applications. Article III standing requires three things: (1) the party suffered an injury in fact, (2) the injury is fairly traceable to the defendant's conduct, and (3) the injury is likely to be redressed by a favorable court decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations omitted). As the *Farley* court explained, everyone with a claim to the res has a right to be heard on professional fee applications. 156 B.R. at 207.

21. Further, although other parties have standing to seek vacatur,[11] no rule requires that they be joined as movants on the U.S. Trustee's Rule 60(b)(6) Motions. It would also be unnecessary for them to do so because if the U.S. Trustee successfully vacates the fee award orders, those orders are vacated as to all and have no force and effect on anyone. Thus, moving forward with the U.S. Trustee's Rule 60(b)(6) Motions will not prejudice anyone's ability to seek vacatur (even though unnecessary) and will not prejudice any argument they may assert about standing.

22. Lastly, the Rule 60(b)(6) Motions were widely noticed through the ECF system and mailing to the master service lists, and although other parties with standing could have joined the U.S. Trustee's motions, only the Committee in *4E Brands* has done so. It is perfectly appropriate for others to seek to join the Rule 60(b)(6) Motions, but it is also unnecessary because vacatur would inure to the benefit of all stakeholders regardless of who seeks it. Accordingly, it is

---

or any other interested party, a duty which the Code does not expressly lay out but which we believe derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest.").

[11] The issue of whether any individual party has standing to also seek vacatur must be addressed only when the issue becomes ripe for adjudication. An issue is premature if it relies on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quotations omitted). The issue of standing is premature here because the U.S. Trustee would have to conjecture what parties would also seek to vacate the fee orders beyond those who have already so moved in one case.

appropriate to move forward with this proceeding without requiring the joinder of any additional parties.

**D.     The Proposed Order Attached to the Indispensable Party Motion is Ambiguous and Vague.**

23.    To the extent the Court finds that Jackson Walker should be granted some relief requested in the Indispensable Party Motion over the U.S. Trustee's objection, he requests that the Court *not* enter the Proposed Order as written because it is ambiguous and vague.

24.    First, the Proposed Order continues to reiterate a parties' need to assert it is an indispensable party despite Jackson Walker conceding no other parties are required to accord complete relief on the Rule 60(b)(6) Motions.[12] Accordingly, all such language should be stricken.

25.    Additionally, and importantly, the only live pleadings before the Court which request affirmative relief against Jackson Walker are the Rule 60(b)(6) Motions. These are the only pleadings parties in interest have received and the only matters that could potentially be set for hearing at this time. Parties in interest should not be required to come forward and prosecute a right to participate in further hearings to the extent the Rule 60(b)(6) Motions are denied. Accordingly, the Proposed Order should be revised to clarify that failure to file a notice on standing only limits a party's right to participate in discovery and trial related to the Rule 60(b)(6) Motions.

26.    To be clear, the U.S. Trustee believes that entry of an order limiting parties' rights to join and participate in anything other than the Rule 60(b)(6) Motions is premature, potentially advisory, and contradictory to broad and unambiguous participation rights granted to parties in interest under 11 U.S.C. § 1109(b). However, should the Court decide to enter an order which limits who has the right to (1) object to Jackson Walker's fee applications; (2) request that Jackson

---

[12] *See generally* Proposed Order.

Walker return any compensation previously awarded to it by former Judge Jones; or (3) assert any other theories of recovery against Jackson Walker under bankruptcy or other applicable law arising from the undisclosed relationship between former Judge Jones and Elizabeth Freeman, the Proposed Order is *not clear* that those rights will be lost if a person fails to file an appropriate notice. To allow parties in interest to *fully understand* what rights will be lost if they do not file a notice and defend their standing, the U.S. Trustee requests that language be added which *clearly* states that failure to file a notice and defend its standing will extinguish that party's rights to participate in *all* discovery and hearings involving Jackson Walker on any matter going forward.[13]

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court deny the Indispensable Party Motion and grant such other and further relief as this Court deems just and appropriate.

Date: January 24, 2024

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN AND WESTERN
DISTRICTS OF TEXAS

By: */s/ Millie Aponte Sall*
  Millie Aponte Sall
  Assistant U.S. Trustee
  Tex. Bar No. 01278050/Fed. ID No. 11271
  515 Rusk, Suite 3516
  Houston, Texas 77002
  (713) 718-4650 – Telephone
  (713) 718-4670 – Fax
  Email: millie.sall@usdoj.gov

---

[13] The U.S. Trustee agrees that failure to file a Notice will *not* preclude a party-in-interest from receiving distributions under the confirmed plan.

## **CERTIFICATE OF SERVICE**

    I certify that on January 24, 2024 a copy of the foregoing pleading was served on all parties entitled to electronic notice through the Court's CM/ECF system.

*/s/ Millie Aponte Sall*
Millie Aponte Sall
