IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| STAGE STORES, INC., *et al.*,[1] | ) | Case No. 20-32564 (CML) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**PLAN ADMINISTRATOR'S TENTH MOTION FOR
AN ORDER EXTENDING THE CLAIMS OBJECTION DEADLINE
UNDER THE CONFIRMED PLAN**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Steven Balasiano, in his capacity as the Plan Administrator of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), states as follows in support of this motion (this "Motion"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Stage Stores, Inc. (6900) and Specialty Retailers, Inc. (1900).

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Plan Administrator consents, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9006(b).

**Background**

**A.    General Background**

4. On May 10, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.

5. Additional information about the Debtors' business and the events leading up to the Petition Date can be found in the *Disclosure Statement for the Amended Joint Chapter 11 Plan of Stage Stores, Inc. and Specialty Retailers, Inc*. (the "Disclosure Statement") [Docket No. 535].

6. On August 13, 2020, the Debtors filed the *Joint Second Amended Chapter 11 Plan of Stage Stores, Inc. and Specialty Retailers, Inc.* [Docket No. 694] (the "Plan").

7. On August 14, 2020, the Court entered the *Order Confirming the Joint Second Amended Chapter 11 Plan of Stage Stores, Inc. and Specialty Retailers, Inc.* [Docket No. 705] (the "Confirmation Order").

8. The effective date of the Plan occurred on October 30, 2020 [Docket No. 898] (the "Effective Date").

9. On the Effective Date, Steven Balasiano, in his capacity as the Plan Administrator, became the sole representative of the Debtors' estates for the purpose of, *inter alia*, reviewing

claims filed against the Debtors' estates and facilitating distributions to creditors in accordance with the Plan. *See* Plan Art.IV.D.

### B. The Claims Objection Deadline

10. The Plan established March 21, 2021 as the initial deadline for any party in interest to object to any claim filed against the Debtors' estates (the "Claims Objection Deadline"). *See* Plan Art.I.A.22, Art.VII.E.

11. On February 9, 2021, the Court entered the *Order on Plan Administrator's Motion for and Order Extending (I) Objection Deadlines for Request for Administrative Claims; and (II) Claims Objection Deadline Under the Confirmed Plan* [Docket No. 1024], which extended the Claims Objection Deadline to August 28, 2021.

12. On August 16, 2021, the Court entered the *Order on Plan Administrator's Expedited Second Motion for an Order Extending Claims Objection Deadline Under the Confirmed Plan* [Docket No. 1071], which extended the Claims Objection Deadline to February 24, 2022.

13. On March 15, 2022, the Court entered the *Order on Plan Administrator's Third Motion for an Order Extending the Claims Objection Deadline Under the Confirmed Plan* [Docket No. 1134], which extended the Claims Objection Deadline to August 23, 2022.

14. On August 5, 2022, the Court entered the *Order on Plan Administrator's Fourth Motion for an Order Extending the Claims Objection Deadline Under the Confirmed Plan* [Docket No. 1162], which extended the Claims Objection Deadline to February 19, 2023.

15. On March 3, 2023, the Court entered the *Order on Plan Administrator's Fifth Motion for an Order Extending the Claims Objection Deadline Under the Confirmed Plan* [Docket No. 1171], which extended the Claims Objection Deadline to August 18, 2023, without prejudice to any future extension request.

16. On September 12, 2023, the Court entered the *Order on Plan Administrator's Sixth Motion for an Order Extending the Claims Objection Deadline Under the Confirmed Plan* [Docket No. 1204], which extended the Claims Objection Deadline to February 14, 2024, without prejudice to any future extension request.

17. On January 17, 2024, the Court entered the *Order on Plan Administrator's Seventh Motion for an Order Extending the Claims Objection Deadline Under the Confirmed Plan* [Docket No. 1204], which extended the Claims Objection Deadline to August 12, 2024, without prejudice to any future extension request.

18. On July 15, 2024, the Court entered the *Order on Plan Administrator's Eighth Motion for an Order Extending the Claims Objection Deadline Under the Confirmed Plan* [Docket No. 1266], which extended the Claims Objection Deadline to February 10, 2025, without prejudice to any future extension request.

19. On January 16, 2025, the Court entered the *Order on Plan Administrator's Ninth Motion for an Order Extending the Claims Objection Deadline Under the Confirmed Plan* [Docket No. 1285], which extended the Claims Objection Deadline to August 11, 2025, without prejudice to any future extension request.

    **C.**    **The Claims Reconciliation Process**

20. Shortly after his appointment, the Plan Administrator began a comprehensive review of (i) the 30 applications for payment of administrative expenses that were filed against the Debtors' estates (the "<u>Administrative Claims</u>"), and (ii) the various proofs of claim (the "<u>Proofs of Claim</u>") filed against the Debtors' estates.

21. To date, the Plan Administrator has reviewed and consensually resolved all 30 of the Administrative Claims. In addition, the Plan Administrator has filed twelve (12) claims objections to certain Proofs of Claim to date, ten (10) non-substantive and two (2) substantive, all

of which have been approved by the Court. *See* Docket Nos. 1124, 1125, 1138, 1139, 1141, 1142, 1143, 1144, 1185, 1186, 1211, 1212.

22. On July 7, 2022, the Plan Administrator filed the *Plan Administrator's Expedited Motion for Entry of an Order (A) Approving Omnibus Claims Objection Procedures and Filing of Substantive Omnibus Claims Objections, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [Docket No. 1157] (the "Omnibus Claims Objection Procedures Motion"), which sought to establish, among other things, certain procedures governing the filing of omnibus objections to Proofs of Claim and responses thereto. The Omnibus Claims Objection Procedures Motion was approved by an order of the Court dated July 29, 2022 [Docket No. 1161].

23. As of the date hereof, the Plan Administrator has identified other objectionable Proofs of Claim and intends to file further objections thereto shortly after the filing of this Motion.

**Relief Requested**

24. By this Motion, the Plan Administrator seeks entry of an Order, pursuant to section 105 of the Bankruptcy Code and Rule 9006(b) of the Bankruptcy Rules, extending the Claims Objection Deadline for a period of 180 days, through and including February 9, 2026, without prejudice to any further extension.

**Basis for Relief**

25. Since the Effective Date, the Plan Administrator has resolved, satisfied, or objected, as applicable, to several categories of claims, including, but not limited to, improperly asserted administrative expense claims, certain secured claims, and certain priority unsecured claims

5

against the Debtors' estates.  In connection with reconciling the Proofs of Claim, to date, the Plan Administrator has filed twelve (12) omnibus objections to approximately 1,470 Proofs of Claim.

26. As of the date hereof, the Plan Administrator has reconciled substantially all secured, administrative, and priority unsecured claims filed against the Debtors' estates, with the exception of certain Proofs of Claim filed in connection with certain prepetition class actions and collective actions alleging that the Debtors failed to pay minimum wage and/or overtime under the Fair Labor Standards Act and analogous state law (the "Priority Wage and Hour Claims," which have been asserted by the "Priority Wage and Hour Claimants").  The Priority Wage and Hour Claimants collectively assert priority unsecured claims totaling no less than $1.8 million and general unsecured claims totaling no less than $35 million against the Debtors' estates.

27. Since filing the *Plan Administrator's Ninth Motion for an Order Extending the Claims Objection Deadline Under the Confirmed Plan*, the Plan Administrator has reached an agreement in principle which resolves the disputes with the Priority Wage and Hour Claimants (the "Settlement").  The Plan Administrator is currently working to document the terms of the Settlement with counsel to the Priority Wage and Hour Claimants.  The Plan Administrator expects to file a motion seeking Court approval of the Settlement shortly after the filing of this Motion.

28. The Plan Administrator currently expects to make a small distribution on account of allowed general unsecured claims in line with the estimates provided in the Disclosure Statement.[2]  In furtherance thereof, the Plan Administrator is currently reconciling general unsecured claims, preparing further formal objections to certain Proofs of Claim, and is also working to consensually resolve certain Proofs of Claim with the respective claimants.  The Plan Administrator expects to file a final series of objections to remaining claims shortly after the filing of this Motion.  After reconciliation of these remaining claims, including the Priority Wage and

---

[2] The Disclosure Statement estimated distributions on account of general unsecured claims of between 0% and 6%. Disclosure Statement at 7.

6

Hour Claims, the Plan Administrator will be able to calculate and schedule final distributions to general unsecured creditors, complete the Debtors' wind-down, and ultimately close these bankruptcy cases. However, the Plan Administrator requires additional time to prepare and file these claims objections. The Plan Administrator therefore requests an extension of the Claims Objection Deadline to February 9, 2026, without prejudice to any request for a further extension.

29. The Plan Administrator believes that the requested extension of the Claims Objection Deadline is in the best interests of the estates and is appropriate under the circumstances, as it will provide the Plan Administrator the necessary time to review and reconcile the Proofs of Claim asserted against the Debtors' estates for the benefit of their creditors and stakeholders. The requested extension will not prejudice any creditor or other party in interest. Without a further extension, the Plan Administrator may forfeit valuable potential objections to the Proofs of Claim that could be brought for the benefit of the Debtors' creditors. As such, a further extension will preserve assets of the estates by ensuring that all proper claims objections are asserted.

30. Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Further, Bankruptcy Rule 9006(b) provides that the Court may "for cause shown at any time in its discretion" extend a deadline "if the request therefore is made before the expiration" of such deadline." Fed. R. Bankr. P. 9006(b)(1). Further, the Plan expressly defines the Claims Objection Deadline to include the latest of, among other things, "such other period of limitation as may be specifically fixed by the Debtors or the Wind-Down Debtors, as applicable, and by an order of the Bankruptcy Court for objecting to Claims." Plan Article I.A.22. Accordingly, the relief requested is proper and in the best interests of the Debtors' estates.

## Notice

31. The Plan Administrator will provide notice of this Motion to: (a) the U.S. Trustee for the Southern District of Texas; and (b) any party that has requested notice pursuant to

Bankruptcy Rule 2002. The Plan Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Plan Administrator requests that the Court enter an order granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated: July 3, 2025

        /s/ Daniel F.X. Geoghan
Daniel F.X. Geoghan (Texas Bar No. 24126280)
**COLE SCHOTZ P.C.**
901 Main Street, Suite 4120
Dallas, TX 75202
Telephone: (469) 557-9390
Facsimile: (469) 533-1587
Email: dgeoghan@coleschotz.com

- *and* -

Seth Van Aalten, Esq. (Admitted *Pro Hac Vice*)
Sarah A. Carnes, Esq. (Admitted *Pro Hac Vice*)
Bryant P. Churbuck, Esq.
**COLE SCHOTZ P.C.**
1325 Avenue of the Americas, 19th Floor
New York, NY 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393
Email: svanaalten@coleschotz.com
       scarnes@coleschotz.com
       bchurbuck@coleschotz.com

Counsel to Steven Balasiano, in his capacity as Plan Administrator of Stage Stores, Inc., *et al.*

**Certificate of Service**

       I certify that on July 3, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

       */s/ Daniel F.X. Geoghan*
       Daniel F.X. Geoghan